■ F. EDWARD DEVITT, as a Member of the Orange County Legislature, Appellant, v LOUIS HEIMBACH, as County Executive of Orange County, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a resolution authorizing the County Executive of Orange County to enter into a contract for the sale of certain property, the petitioner appeals from an order of the Supreme Court, Orange County (Green, J.), dated November 9, 1981, which granted the relief requested only to the extent of directing respondents to file an environmental impact statement, and stayed proceedings under the contract of sale until completion of said statement. Order modified, on the law, by deleting therefrom paragraphs 1 and 2, and substituting therefor provisions (1) converting the proceeding into a declaratory judgment action, and (2) declaring that Resolution No. 83 of 1981 is null and void, and that any contract executed thereunder is invalid. As so modified, order affirmed, with costs to the appellant. The Orange County Legislature's failure to comply with the State Environmental Quality Review Act (SEQRA) prior to the adoption of the resolution authorizing the County Executive to enter into a contract for the sale of the property in issue requires an annulment of the resolution (see *Matter of Rye Town/King Civic Assn. v Town of Rye,* 82 AD2d 474, app dsmd 55 NY2d 747). The concerns embodied in SEQRA must be satisfied before action that may affect the environment is authorized, rather than after the fact (*Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury,* 55 NY2d 41, 46; *Matter of Schenectady Chems. v Flacke,* 83 AD2d 460; 6 NYCRR 617.3 [a]). As a matter of discretion we do not award costs and attorney's fees as permitted by subdivision 2 of section 102 of the Public Officers Law, but we take this occasion to express our concern over the obvious disregard, by respondents, of the provisions of article 7 of the Public Officers

Law as well as the provisions of SEQRA. Such conduct in the future could well result in the imposition of appropriate sanctions. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.