OPINION OF THE COURT
 

 Meyer, J.
 

 When the respondent in an article 78 proceeding challenges petitioner’s standing only, it is error to dismiss the
 
 *102
 
 petition on the merits prior to service of respondent’s answer. The mandate of CPLR 7804 (subd [f]) that, “If the motion is denied, the court shall permit respondent to answer, upon such terms as may be just” proscribes dismissal on the merits following such a motion, unless the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer (see, e.g.,
 
 O’Hara v Del Bello,
 
 47 NY2d 363). There having been no such development of the facts in the present case, Special Term erred in dismissing the petition on the merits prior to service of respondents’ answer. The order of the Appellate Division should, therefore, be reversed and the matter remitted to Special Term for further proceedings in accordance with this opinion.
 

 Petitioner union represents the adult education instructors employed by respondent Board of Cooperative Educational Services of Nassau County (BOCES). The union, and its president, as class representative, brought this article 78 proceeding as a class action on behalf of all of the adult education instructors. The relief sought is a determination that the instructors are entitled to tenure and seniority rights under section 3014 of the Education Law and the Rules of the Board of Regents (8 NYCRR part 30). The petition alleges that such rights have not been waived.
 

 Respondents moved to dismiss the petition on the ground that petitioner lacks standing because neither the union nor its president belong to the class of adult education instructors and because, according to respondents, neither has been injured by the denial of tenure and seniority rights. The motion papers also argued that class action status was improper because individual instructors had signed express waivers of tenure rights and, therefore, a case-by-case determination of the rights of the instructors was required. Petitioner’s answering papers asserted that a union has standing to represent its members and also objected to factual allegations made in the affidavit accompanying respondents’ motion on the ground that the affidavit was made by an attorney who lacked personal knowledge of the facts.
 

 
 *103
 
 Without passing on either the standing or the class action issues, Special Term dismissed on the merits, ruling that petitioner had waived the tenure and seniority rights of the adult education instructors in its collective bargaining agreement with BOCES, a copy of which was annexed to the petition. Special Term relied on the explicit exclusion in the contract of the adult education instructors from contractual protections relating to probationary periods and seniority. Special Term’s order dismissing the petition was affirmed by the Appellate Division in a memorandum that cited cases upholding express waivers of tenure and seniority rights. The appeal is before us by our leave (62 NY2d 605).
 

 Although, as respondents argue, an article 78 proceeding “on analysis closely correspond^] to an action if a motion for summary judgment could be made simultaneously with the commencement of the action” (8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.03), it is also true that a motion for summary judgment is usually made only “after issue has been joined” (CPLR 3212, subd [a]) and that a motion to dismiss may be treated as a motion for summary judgment only when the parties have had the opportunity to “submit any evidence that could properly be considered on a motion for summary judgment” (CPLR 3211, subd [c]). Thus, notice that a motion to dismiss under CPLR 3211 will be treated as a motion for summary judgment is required prior to dismissal on the merits unless it is clear from the papers that no prejudice has resulted from omission of notice
 
 (Rich v Lefkovits,
 
 56 NY2d 276, 283).
 

 The more particularly is this so with respect to an article 78 proceeding, in light of the express direction of CPLR 7804 (subd [f]), quoted at the beginning of this opinion. It has, therefore, been held that the petition in such a proceeding should not be granted before the respondent has filed an answer
 
 (Edison Travel v American Airlines,
 
 35 NY2d 801, affg 43 AD2d 164;
 
 Hawk Sales Co. v Dieteman,
 
 42 AD2d 817, 818;
 
 Matter of Kesterson v City of Buffalo,
 
 40 AD2d 575; see
 
 Subcontractors Trade Assn, v Koch,
 
 62 NY2d 422;
 
 O'Hara v Del Bello,
 
 47 NY2d 363,
 
 supra; Marlow v Kobliner,
 
 78 AD2d 874;
 
 Matter of De Vito v Nyquist,
 
 56 AD2d 159, 161, affd 43 NY2d 681).
 

 
 *104
 
 Here, respondents’ motion papers disclaimed any attack on the merits, arguing instead that a case-by-case examination of the status of each adult education instructor would be required. To the limited extent that the facts were developed in the affidavit accompanying the motion, petitioner objected on the ground that the affidavit was not made by an officer of BOCES, but by an attorney who lacked personal knowledge (see
 
 Zuckerman v City of New York,
 
 49 NY2d 557). Thus, the motion papers clearly did not establish that there were no triable issues of fact and the procedure dictated by CPLR 7804 (subd [f]) should have been followed. Although it was not improper for Special Term to decide the merits of the claim respecting the rights of the adult education instructors without first passing on the question of whether the union and its president had standing to complain about a violation of those rights
 
 (Jainchill v Citibank,
 
 62 NY2d 739;
 
 Matter of Legal Aid Soc. v Scheinman,
 
 53 NY2d 12; see
 
 People v Parker,
 
 41 NY2d 21, 25), it should not have done so prior to answer.
 

 Accordingly, the proceeding should be remitted to Special Term for further proceedings in accordance with this opinion.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and Kaye concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and matter remitted to Supreme Court, Nassau County, for further proceedings in accordance with the opinion herein.