■ In the Matter of TEN MILE RIVER HOLDING, LTD., et al., Respondents, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered September 1, 1988 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul a determination of respondent enjoining petitioners from the continuation of their sand and gravel mining business.

Petitioners are the owner, operator and/or contract licensee of a sand and gravel mine in the Town of Dover, Dutchess County, which is subject to the regulatory authority of the Department of Environmental Conservation (hereinafter DEC). The mine was being operated under a renewal permit issued by DEC on May 28, 1982 and dated to expire May 6, 1985. A renewal application was apparently prepared in April 1985, using the form provided by DEC, and forwarded to the Town of Dover for the signature of its chief administrative officer in the designated space on the application form. After communicating with DEC on the matter, the Town Supervisor signed the form on May 13, 1985, and the application was submitted to DEC on May 14, 1985. On May 24, 1985 DEC apparently notified petitioners that the application was incomplete and that additional information was needed. In the meantime, it appears that DEC elected to treat the application as one for a permit and not as a renewal, since the prior permit had, by its terms, expired May 6, 1985. On May 22, 1985 DEC issued a positive declaration under the State Environmental Quality Review Act (ECL art 8), invoking the

procedural and substantive requirements of 6 NYCRR part 617. Petitioners apparently submitted additional information, but DEC took the position that the application remained incomplete and no permit has been issued.

The mining operation apparently ceased on or about May 7, 1985 but resumed some time in 1987. Based upon the absence of a valid permit, DEC sought a summary order enjoining the mining operation, pursuant to 6 NYCRR 622.10. In response, petitioners contended that they had the right to continue the mining operation while the application was pending. According to petitioners, the permit issued May 28, 1982 expired by operation of law on May 28, 1985, after a three-year period (see, ECL 23-2711 [8]; 6 NYCRR 421.1 [m]; 421.3 [a]). Thus, petitioners argued, when the application was submitted to DEC on May 14, 1985 there was a valid permit in effect, so that the application was for the renewal of an existing permit. Petitioners concluded that State Administrative Procedure Act § 401 (2) authorized the continued operation of the mine pending DEC's final determination of the renewal application. The Administrative Law Judge found that there were no factual issues to be resolved, concluded that State Administrative Procedure Act § 401 (2) did not apply, and recommended issuance of a summary order. Respondent adopted this recommendation, concluding that the statutory authorization for continued operation applied only where there has been a "timely and sufficient application for the renewal of a license" (State Administrative Procedure Act § 401 [2]). Respondent determined that since a renewal application must be made at least 30 days before the expiration of a permit (6 NYCRR 421.1 [m]), the application submitted May 14, 1985 was not timely. Respondent also concluded that the application was not sufficient, since additional information was needed. The summary order enjoining the mining operation was issued July 6, 1988.

By service of an order to show cause and a petition on July 20, 1988, petitioners commenced this proceeding pursuant to CPLR article 78 seeking a variety of relief. The order to show cause drafted by petitioners contained provisions for a temporary restraining order and a paragraph directing respondent to answer at least five days before the return date. The Supreme Court Justice who signed the order to show cause deleted the provisions for a temporary restraining order and the paragraph fixing the time for an answer, and referred the matter for a "preliminary injunction hearing" on July 22, 1988. Petitioners' affidavit in support of the order to show

cause makes it clear that the immediate relief being sought was a stay pursuant to CPLR 7805, and respondent submitted an affidavit in opposition to this request for interlocutory relief. On August 8, 1988, Supreme Court issued a brief and uninformative letter decision granting the petition in its entirety upon the theory that the May 14, 1985 application "was in substantial compliance with the rules governing such applications and was, therefore, timely". Respondent appeals from the judgment entered on this decision.

The judgment must be reversed and the matter remitted to Supreme Court. It was error to consider the merits of the petition and grant the entire relief requested therein without affording respondent the opportunity to answer *(see,* CPLR 7804 [d]; *see also, Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.,* 63 NY2d 100). The only issue before Supreme Court was whether petitioners were entitled to the interlocutory relief authorized by CPLR 7805, as requested in the order to show cause and its supporting papers. The petition itself appears to challenge a number of different determinations, raising a variety of issues that require not only an answer from respondent, but further development of the record. The petition also seeks a variety of relief, some of which appears to be outside the scope of an article 78 proceeding. We also note that the question of whether, in the court's opinion, petitioners' application was in substantial compliance with the relevant rules is not an issue in this article 78 proceeding *(see,* CPLR 7803).

Upon remittal, Supreme Court should determine whether petitioners are entitled to the requested interlocutory relief, and a return date for the petition should be scheduled, triggering the time requirement for respondent's answer (CPLR 7804 [c]).

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.