■ In the Matter of JACQUES L. RIVETTE, Appellant, v DISTRICT ATTORNEY OF RENSSELAER COUNTY et al., Respondents. [709 NYS2d 631] —Carpinello, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered January 27, 1999 in Rensselaer County, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request under the Freedom of Information Law.

Petitioner commenced this CPLR article 78 proceeding to compel respondents to disclose, pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL), various records and documents allegedly compiled during a criminal investigation which culminated in his conviction for robbery in the first degree, as well as records pertaining to the destruction of various weapons. Prior to ultimately recusing itself in the matter, Supreme Court dismissed the petition against respondent Troy Police Department on the ground that it had adequately responded to the request and also dismissed the petition against respondent District Attorney of Rensselaer County on the ground that petitioner failed to exhaust his administrative remedies. Petitioner appeals.

With respect to the Police Department, we are satisfied that

the petition was properly dismissed. Petitioner received an adequate response to his FOIL request by this agency, namely, it supplied petitioner with the one item in its possession and notified him that no other record responsive to his request was in its possession, a position reiterated in an affidavit submitted in support of dismissal of the petition (*see, Matter of Vandenburg v Wagner*, 270 AD2d 672). Clearly, an agency is under no obligation to furnish documents which it does not possess (*see, Matter of Walsh v Wasser*, 225 AD2d 911; *Matter of Adams v Hirsch*, 182 AD2d 583).

On the other hand, the District Attorney's opposition to the petition does not establish that his office responded to either of petitioner's two FOIL requests.[1] This being the case, he cannot establish that petitioner was advised of the availability of an administrative appeal to an "officer within [his office]" (21 NYCRR 1401.7 [b])[2] thereby negating the argument that petitioner failed to exhaust his administrative remedies (*see, Matter of Barrett v Morgenthau*, 74 NY2d 907, 909). Accordingly, Supreme Court erred in dismissing the petition on this ground. We therefore remit the matter to Supreme Court for the filing of an answer by the District Attorney permitting Supreme Court to address the merits of the petition, which might require an in camera inspection of the requested documents (*see, e.g., Matter of Brown v New York City Police Dept.*, 264 AD2d 558; *Matter of Williams v Erie County Dist. Attorney*, 255 AD2d 863; *Matter of Grune v New York State Dept. of Correctional Servs.*, 166 AD2d 834; *Matter of Billups v Santucci*, 151 AD2d 663).

Spain, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition against respondent District Attorney of Rensselaer County; matter remitted to the Supreme Court where said respondent will be permitted to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.

---

1. When petitioner did not receive a response to his first FOIL request, which the District Attorney concedes he received on July 14, 1998, petitioner sent a "Second Request" for the same information by certified mail return receipt requested on August 28, 1998. Although the District Attorney denies receipt of the certified letter, petitioner annexed a signed receipt to the petition.

2. Although the District Attorney claims that petitioner was required to appeal the "denial" of his FOIL request to "an appellate officer with the agency," he never identifies the internal appeal process in place in his office to handle the denial of FOIL requests.