■ In the Matter of ADAM T. SMILER, Respondent, v BOARD OF EDUCATION, Also Known as DEPARTMENT OF EDUCATION, et al., Appellants. [790 NYS2d 53]—In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel compliance with the terms of a collective bargaining agreement and to review a determination of the appellant Board of Education, also known as Department of Education, dated February 24, 2003, which denied the petitioner's grievance as untimely, the appeals are from (1) a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated September 3, 2003, which, (a) in effect, denied the appellants' objections in point of law, (b) in effect, granted the petition to the extent of annulling the determination of the Board of Education, also know as Department of Education, and directing the acceptance of the petitioner's grievance as timely and continuation of the grievance process, and (c) determined that the petitioner, as a substitute teacher, had a constitutionally-protected property interest in his employment, (2) an order of the same court dated January 13, 2004, which amended the judgment, and (3) an order of the same court dated February 25, 2004, which further amended the judgment.

Ordered that the appeals from the orders dated January 13, 2004, and February 25, 2004, are dismissed as academic in light of this Court's determination regarding the judgment; and it is further,

Ordered that the judgment, as amended, is modified, on the

law, by deleting the provisions thereof, (1) in effect, granting the petition to the extent of annulling the determination and directing the appellants to accept the petitioner's grievance as timely and continue with the grievance process, and (2) determining that the petitioner, as a substitute teacher, had a constitutionally-protected property interest in his employment; as so modified, the judgment is affirmed, the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith, and the appellants are granted 20 days after service upon them of a copy of this decision and order to file an answer to the petition (*see* CPLR 7804 [f]); and it is further,

Ordered that one bill of costs is awarded to the appellants.

Where, as here, the record was incomplete, it was error for the Supreme Court to reach the merits of the petition and grant most of the relief requested therein without affording the appellants an opportunity to answer (*see* CPLR 7804 [f]; *Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100 [1984]; *Matter of Ten Mile Riv. Holding v Jorling*, 150 AD2d 927, 929 [1989]).

Moreover, in light of the fragmentary nature of the record, the appellants failed to establish their entitlement to a judgment dismissing the petition. The appellants' contentions, raised before the Supreme Court, that the petition was untimely pursuant to CPLR 217 and that the petitioner failed to exhaust his administrative remedies, have not been briefed on appeal and are deemed abandoned (*see Carpenter v Saltone Corp.*, 276 AD2d 202, 212 [2000]; *Matter of Calm Lake Dev. v Town Bd. of Town of Farmington*, 213 AD2d 979, 980 [1995]). The appellants' contention that the determination of the Board of Education, also known as the Department of Education, was correct goes to the merits of the petition and may properly be asserted by the appellants in their answer.

We express no view on the appellants' further contention that the petitioner lacked standing to bring the instant proceeding, or the petitioner's related contention that his union failed to meet its duty of fair representation, as such issues are not properly before this Court, having been raised for the first time on appeal. Although the appellants failed to raise lack of standing in their objections in point of law, we note that they may still assert this objection in their answer to the petition (*cf. Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler*, 271 AD2d 576, 577 [2000]), and the petitioner may raise an objection in point of law to any new matter contained in that answer (*see* CPLR 7804 [f]).

The parties' remaining contentions are without merit. H. Miller, J.P., Santucci, Spolzino and Skelos, JJ., concur.