■ In the Matter of DENNIS TIMMONS, Respondent, v MICHAEL C. GREEN, Monroe County District Attorney, Appellant. [871 NYS2d 562]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondent to provide certain documents sought pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6). Contrary to the contention of respondent, Supreme Court properly denied his pre-answer motion to dismiss the petition. We reject respondent's contention that petitioner erred in sending his FOIL requests to the Monroe County District Attorney's Office (DA's Office) rather than to the Monroe County Department of Communications, which respondent alleged in support of his motion is "the official FOIL representative for all Monroe County agencies." As the court properly noted, the DA's Office is an agency that is subject to FOIL (*see generally Matter of Rivette v District Attorney of Rensselaer County*, 272 AD2d 648, 649 [2000]; *Matter of Moore v Santucci*, 151 AD2d 677 [1989]). While the applicable statutes and regulations allow an agency to designate a records access officer (*see* Public Officers Law § 87 [1] [b] [ii]; 21 NYCRR 1401.2 [a]), an agency is not thereby relieved of its burden of responding to FOIL requests. We reject the further contention of respondent that the petition should be dismissed for failure to name the Monroe County Department of Communications as a necessary party. We also reject respondent's contentions that petitioner failed to exhaust his administrative remedies (*see generally Rivette*, 272 AD2d at 649), and that the proceeding is time-barred. The record establishes that respondent did not deny petitioner's FOIL requests until March 7, 2007, and petitioner commenced this proceeding less than four months later (*see generally Matter of Swinton v Record Access Officers for City of N.Y. Police Dept.*, 198 AD2d 165 [1993]).

We agree with respondent, however, that the court erred in granting the petition without first affording respondent the opportunity to serve and file an answer (*see* CPLR 7804 [f]; *Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.*, 8 NY3d

1001 [2007]; *Matter of Julicher v Town of Tonawanda*, 34 AD3d 1217 [2006]). We cannot conclude that "the facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer" (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]; *cf. Matter of Kuzma v City of Buffalo*, 45 AD3d 1308, 1311 [2007]; *Matter of Tozzo v Board of Appeals on Zoning of City of New Rochelle*, 179 AD2d 810, 811 [1992]). We therefore modify the judgment by vacating those parts granting the petition, and we grant respondent 20 days from service of the order of this Court with notice of entry to serve and file an answer. Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.