■ In the Matter of CHRISTOPHER YOUNG, Appellant, v MONROE COUNTY CLERK'S OFFICE et al., Respondents. [881 NYS2d 566]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (John J. Ark, J.), entered March 14, 2008 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly dismissed the CPLR article 78 petition seeking to compel respondents to provide petitioner with a copy of the verdict sheet used at his criminal trial. Respondents have asserted that, in response to petitioner's repeated requests for the verdict sheet, they searched their files relating to petitioner's case "page by page" and determined that they were not in possession of the verdict sheet. Thus, respondents established that they did not "fail[ ] to perform a duty enjoined upon [them] by law" (CPLR 7803 [1]). We further conclude that respondents' responses to petitioner's requests were not "made in violation of lawful procedure, . . . affected by an error of law or . . . arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). The inability of respondents to locate the verdict sheet in their files constitutes a rational basis for their failure to provide petitioner with a copy of that document (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Respondents are "under no obligation to furnish documents [that they] do[ ] not possess" (*Matter of Rivette v District Attorney of Rensselaer County*, 272 AD2d 648, 649 [2000]). Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.