■ In the Matter of BILL'S TOWING SERVICE, INC., Respondent, v COUNTY OF NASSAU, Respondent, and C&R AUTOMOTIVE, INC., Doing Business as AAA-1 TOWING, Appellant. [920 NYS2d 377]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the County of Nassau accepting a bid by C&R Automotive, Inc., doing business as AAA-1 Towing, for a towing and impound contract, C&R Automotive, Inc., doing business as AAA-1 Towing, appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Murphy, J.), dated September 1, 2010, which denied its motion pursuant to CPLR 3211 (a) (5) and 7804 (f) to dismiss the proceeding as barred by the statute of limitations and, in effect, granted the petition to the extent of reopening the bidding process for the subject contract.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof, in effect, granting the petition to the extent of reopening the bidding process for the subject contract; as so modified, the order and judgment is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, and the appellant's time to answer the petition is extended until 20 days after service upon it of a copy of this decision and order (*see* CPLR 7804 [f]).

The County of Nassau published a formal bid proposal for a towing and impound contract for various zones within the County. On May 26, 2009, all bids were opened at a public meeting. C&R Automotive Inc., doing business as AAA-1 Towing (hereinafter the appellant), was the highest bidder, and the County accepted the appellant's bid.

The petitioner, the second highest bidder, commenced this proceeding pursuant to CPLR article 78, inter alia, to review the acceptance of the appellant's bid by the County, and to annul the award of the contract to the appellant. The petitioner alleged that the appellant and its facilities did not satisfy the terms and conditions of the bid proposal. The appellant moved to dismiss the petition on the ground that it was barred by the statute of limitations. The Supreme Court denied the appellant's motion and, in effect, granted the petition to the extent of reopening the bidding process. We modify.

A proceeding pursuant to CPLR article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). "A determination generally becomes binding when the aggrieved party is 'notified' " (*Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989]). The burden rests on the party seeking to assert the statute of limitations as a defense to establish that the petitioner was provided notice of the determination more than four months before the proceeding was commenced (*see Berkshire Nursing Ctr., Inc. v Novello*, 13 AD3d 327, 328 [2004]). The appellant failed to do so here. While the petitioner was aware that the appellant submitted the highest bid on May 26, 2009, there was no evidence that the petitioner was advised that the bid was accepted by the County on that date, or on any other date more than four months before this proceeding was commenced (*cf. Matter of Boston Culinary Group, Inc. v New York State Olympic Regional Dev. Auth.*, 18 AD3d 1103 [2005]).

However, it was error for the Supreme Court to reach the merits of the petition and, in effect, grant it to the extent of reopening the bidding process without affording the appellant an opportunity to submit an answer and objections in point of law (*see* CPLR 7804 [f]; *Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.*, 8 NY3d 1001, 1002 [2007]; *Matter of Civil Serv. Empls. Assn. Inc. v Diana*, 48 AD3d 803, 804 [2008]; *Matter of Smiler v Board of Educ.*, 15 AD3d 409, 410 [2005]). On the record before us, it cannot be said that "the facts are so fully presented in the papers of the respective parties that it is

clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer" (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]; *see Matter of Timmons v Green*, 57 AD3d 1393, 1394-1395 [2008]).

We note that the Supreme Court, in granting the petition to the extent of reopening the bidding process, did not make a finding that the County's acceptance of the bid and award of the contract to the appellant "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). Upon remittal, that standard should be applied in determining the merits of the petition. Covello, J.P., Hall, Lott and Cohen, JJ., concur.