■ In the Matter of S & R DEVELOPMENT ESTATES, LLC, Respondent, v PAUL J. FEINER et al., Appellants. [977 NYS2d 377]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Greenburgh dated November 9, 2007, that the petitioner's real property is properly zoned in an R-20, one-family residence zoning district, rather than a CA-I zoning district that permits multi-family housing, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Loehr, J.), entered January 11, 2011, which denied the appellants' motion to dismiss the petition and granted the petition to the extent of annulling the determination.

Ordered that the order and judgment is affirmed, without costs or disbursements.

On May 24, 2006, the petitioner acquired title to the subject property, a 2.26-acre parcel in Edgemont (hereinafter the subject property), an unincorporated area within the Town of Greenburgh. The subject property was depicted on the official zoning map of the Town as located in the CA-I district, in which multi-family residential complexes are permitted. During the performance of due diligence prior to its purchase of the subject property, the petitioner reviewed prior zoning maps of the Town, all of which indicated that the subject property was situated in the CA-I district. On February 2, 2007, the petitioner submitted an application for site plan approval to the Town's Department of Community Development and Conservation (hereinafter the Department). In a letter dated February 26, 2007, Mark Stellato, then-Commissioner of the Department, notified the petitioner that, following a review of the "initial zoning history" of the subject property, it had "come to [the] attention" of the Department that the subject property was actually situated in an R-20 district, in which only one-family residences could be developed. The petitioner contended that Stellato then unilaterally directed the Town's engineer to alter the Town's official zoning map to reflect that the subject property was situated in an R-20 district, which the petitioner alleges, upon information and belief, that Stellato accomplished "with the stroke of a pen." The petitioner appealed Stellato's determination to the Town's Zoning Board of Appeals (hereinafter the ZBA). In a determination dated November 9, 2007, the ZBA denied the appeal, concluding that the evidence before it demonstrated that the subject property was not situated within the CA-I district when that district was adopted, and that the subject property was never rezoned from R-20 to CA-I, notwithstanding the existence of official Town zoning maps that depicted the subject property in the CA-I district. Accordingly, the ZBA concluded that the proper zoning designation of the subject property was R-20.

The petitioner commenced this proceeding pursuant to CPLR article 78 against present and former members of the Town Board of the Town, the ZBA, and Stellato (hereinafter collectively the appellants) to review the ZBA's determination. The appellants moved to dismiss the petition. In an order and judgment, the Supreme Court denied the motion and granted the petition to the extent of annulling the ZBA's determination.

The Supreme Court, upon the denial of the appellants' motion to dismiss the petition, granted the petition without the

benefit of an answer or the filing of the full administrative record pursuant to CPLR 7804 (e) (*see generally Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y.,* 8 NY3d 1001 [2007]). Nonetheless, where, as here, the "facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer," this Court may review the merits of the proceeding without remitting it to the Supreme Court for the filing of an answer and the administrative record (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County,* 63 NY2d 100, 101-102 [1984]; *see Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech.,* 98 AD3d 1049, 1051 [2012]; *Matter of Kuzma v City of Buffalo,* 45 AD3d 1308, 1310-1311 [2007]; *cf. Matter of Shepherd v Maddaloni,* 103 AD3d 901 [2013]).

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action taken is illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Hejna v Board of Appeals of Vil. of Amityville,* 105 AD3d 843, 844 [2013]; *see Matter of Mejias v Town of Shelter Is. Zoning Bd. of Appeals,* 298 AD2d 458, 458 [2002]; *see also Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *Matter of Luburic v Zoning Bd. of Appeals of Vil. of Irvington,* 106 AD3d 824, 825 [2013]). Here, the Supreme Court properly concluded that the ZBA's determination was arbitrary and capricious and affected by an error of law, and properly annulled that determination. As the Supreme Court correctly determined, Stellato's actions violated, inter alia, former Town of Greenburgh Code § 285-7 (A), which, at all relevant times, and prior to its amendment in September 2012, provided that the official zoning map of the Town "shall be the final authority as to the current zoning classification of any land within the boundaries of" the Town, as well as Town Law §§ 264 and 265, which set forth certain requirements pertaining to public notice and the opportunity to be heard that must be satisfied prior to the amendment of zoning regulations, restrictions, and boundaries. Moreover, the record is devoid of evidence to support the ZBA's finding that the subject property was depicted in the CA-I district as a result of a scrivener's error. In response to a request pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*), the Town failed to produce any official zoning map for the period between 1957 and June 2000, or any map relating to the alleged scrivener's error.

The appellants' remaining contentions are either improperly raised for the first time on appeal or without merit. Skelos, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.