■ CHESTNUT RIDGE ASSOCIATES, LLC, Appellant, v 30 SEPHAR LANE, INC., et al., Respondents. (Matter No. 1.) 30 SEPHAR LANE CORP. et al., Respondents, v VILLAGE OF CHESTNUT RIDGE ZONING BOARD OF APPEALS et al., Appellants. (Matter No. 2.) [12 NYS3d 168]—

In an action, inter alia, to permanently enjoin the defendants from operating a landscaping business on certain property (matter No. 1) and a related hybrid action, among other things, to recover damages for the wrongful taking of property and proceeding pursuant to CPLR article 78, inter alia, to review a determination of the defendant/respondent Village of Chestnut Ridge Zoning Board of Appeals dated January 17, 2012 (matter No. 2), Chestnut Ridge Associates, LLC, the plaintiff in matter No. 1, appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Loehr, J.), dated June 17, 2013, as denied that branch of its motion which was denominated as one to enforce a "court ordered injunction," but which was, in effect, for the entry of a judgment permanently enjoining the defendants in matter No. 1 from operating a landscaping business on the subject property upon an order of the same court (Jamieson, J.), dated August 20, 2012, awarding it summary judgment on its first cause of action, and the Village of Chestnut Ridge Zoning Board of Appeals, Richard Miller, Stephen Leibman, Kathleen Gallo, Thomas Banta, the Village of Chestnut Ridge, Jerome Kobre,

Joan Brock, Howard Cohen, Rosario Presti, Jr., Marisa Stewart, and Doris Ulman, the defendants/respondents in matter No. 2, separately appeal from so much of the same order and judgment as denied those branches of their motion which were to dismiss the complaint/petition except for the causes of action which sought to recover damages, granted the petition, annulled the determination of the defendant/respondent Village of Chestnut Ridge Zoning Board of Appeals dated January 17, 2012, and awarded costs and an attorney's fee to the plaintiffs/petitioners in matter No. 2.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof denying the motion of the plaintiff in matter No. 1, and (2) deleting the provisions thereof granting the petition in matter No. 2, annulling the resolution of the Village of Chestnut Ridge Zoning Board of Appeals dated January 17, 2012, and awarding costs and attorney's fees; as so modified, the order and judgment is affirmed insofar as appealed from, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and the matters are remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

These appeals involve two separate matters. Matter No. 1 is an action commenced by Chestnut Ridge Associates, LLC (hereinafter Chestnut Ridge), against 30 Sephar Lane, Inc., and Steve's Lawns, Inc. (hereinafter Steve's Lawns). In that action, Chestnut Ridge, inter alia, sought injunctive relief prohibiting Steve's Lawns from using certain property to operate a landscaping business. Steve's Lawns commenced matter No. 2 against the Village of Chestnut Ridge Zoning Board of Appeals (hereinafter the ZBA), its individual members, the Village of Chestnut Ridge, and the individual members of its Board of Trustees (hereinafter collectively the Village defendants). In matter No. 2, Steve's Lawns, inter alia, sought to annul a determination of the ZBA. The Village defendants moved to dismiss the complaint/petition in matter No. 2, and Chestnut Ridge moved for injunctive relief in matter No. 1. The Supreme Court decided the motions in one order and judgment.

Contrary to the contentions of Chestnut Ridge, the Supreme Court did not sua sponte vacate a prior order of the same court (Jamieson, J.), dated August 20, 2012. Chestnut Ridge made a motion, which it denominated as one, inter alia, to enforce "the court ordered injunction prohibiting the defendants from using their property to operate a landscaping/contracting business," but which was, in effect, for the entry of a judgment permanently enjoining the defendants in matter No. 1 from operating

any landscaping business. The Supreme Court properly determined that there was no court-ordered injunction to enforce. Although the order dated August 20, 2012, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action to enjoin the defendants in matter No. 1 from operating a landscaping business, the order did not contain any injunction, and it stayed the entry of a judgment. The Supreme Court denied the motion for the entry of a judgment in matter No. 1 based upon its determination on the merits in matter No. 2. As explained below, this was improper.

The Supreme Court correctly determined that Chestnut Ridge was not a necessary party in matter No. 2, as it possessed no interest which would be affected by a potential judgment (see Matter of TransGas Energy Sys., LLC v New York State Bd. on Elec. Generation Siting & Envt., 65 AD3d 1247 [2009]), and, accordingly, denied that branch of the motion of the Village defendants which was to dismiss the petition in matter No. 2 for failure to join Chestnut Ridge as a necessary party. However, the Supreme Court erred in determining the claims of Steve's Lawns on the merits without affording the Village defendants an opportunity to answer in matter No. 2.

CPLR 7804 (f) provides, inter alia, that a respondent may raise an objection in point of law by a motion to dismiss the petition and that, if the motion is denied, the court shall permit the respondent to answer, upon such terms as may be just. Where "the dispositive facts and the positions of the parties are fully set forth in the record, thereby making it clear that no dispute as to the facts exists and [that] no prejudice will result from the failure to require an answer, the court may reach the merits of the petition and grant the petitioner judgment thereon notwithstanding the lack of any answer and without giving the respondent a further opportunity to answer the petition" (Matter of Kuzma v City of Buffalo, 45 AD3d 1308, 1311 [2007]; see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]). Here, it cannot be said that the facts were so fully presented in the papers of the respective parties that it was clear that no dispute as to the facts existed and no prejudice resulted from the failure to require an answer. Accordingly, the Supreme Court erred in granting the petition on the merits without first affording the Village defendants an opportunity to answer (see CPLR 7804 [f]; Matter of Kickertz v New York Univ., 25 NY3d 942, 944 [2015]; Matter of Bethelite Community Church, Great Tomorrows Elementary School v

*Department of Envtl. Protection of City of N.Y.*, 8 NY3d 1001 [2007]; *Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698 [2011]; *Matter of Timmons v Green*, 57 AD3d 1393 [2008]; *see also Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100 [1984]). Since the Supreme Court based its denial of the motion of Chestnut Ridge in matter No. 1 on its premature merits-based determination in matter No. 2, the matters must be remitted to the Supreme Court, Rockland County, for a new determination on the motion in matter No. 1 and to afford the Village defendants the opportunity to answer in matter No. 2.

The parties' remaining contentions, including the contention of the Village defendants in matter No. 2 that the Supreme Court erred in denying that branch of their motion which was to dismiss the sixth cause of action in the complaint/petition, are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.