◼ CHESTNUT RIDGE ASSOCIATES, LLC, Appellant, v 30 SEPHAR LANE, INC., et al., Respondents. [11 NYS3d 254]—In an action, inter alia, to permanently enjoin the defendants from operating a landscaping business on certain real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Jamieson, J.), dated August 20, 2012, as upon, in effect, granting that branch of its motion which was for summary judgment on the first cause of action, stayed entry of the judgment and, in effect, denied that branch of its motion which was for summary judgment on the second cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action in connection with the defendants' use of real property located at 30 Sephar Lane in Chestnut Ridge in Rockland County (hereinafter the subject property). The first cause of action sought to permanently enjoin the defendants from operating a landscaping business on the subject property on the ground that it was not a permitted use in the Laboratory-Office Zone in which the subject property was located. The second cause of action sought to permanently enjoin the defendants' use of the subject property as a landscaping business without an approved site plan or certificate of occupancy. The Supreme Court, in effect, granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action, denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action, and stayed entry of the judgment until after the trial of the plaintiff's nuisance cause of action. The plaintiff appeals.

Under the circumstances presented to the Supreme Court, it properly stayed entry of the judgment (see CPLR 2201). At the time the Supreme Court decided the plaintiff's motion, related litigation involving the Village of Chestnut Ridge Zoning Board of Appeals was pending (see Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc., 129 AD3d 885 [2015] [decided herewith]).

Moreover, the Supreme Court, in an order dated March 29, 2011, had denied the plaintiff's previous motion for a preliminary injunction, noting that the Village of Chestnut Ridge had allowed the defendants to operate their landscaping business for several years.

For the same reasons, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the second cause of action, because it failed to demonstrate, prima facie, that the defendants should be enjoined from operating their business without first obtaining an approved site plan or certificate of occupancy (*cf. Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel*, 65 AD3d 1176 [2009]). Therefore, the Supreme Court properly, in effect, denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action.

The parties' remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.