# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**185**

**CA 16-01257**

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF ALFRED G. GILBERT,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

PLANNING BOARD OF TOWN OF IRONDEQUOIT,
RESPONDENT-RESPONDENT.

---

WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL),
FOR PETITIONER-APPELLANT.

NIXON PEABODY LLP, ROCHESTER (MEGHAN K. MCGUIRE OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

--------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (William K. Taylor, J.), entered May 6, 2016 in a proceeding pursuant to CPLR article 78. The judgment granted respondent's motion to dismiss the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and respondent is granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to vacate and annul a decision of respondent. Respondent moved pursuant to CPLR 3211 and 7804 (f) to dismiss the petition on the ground that it failed to state a claim and was untimely. We conclude that Supreme Court erred in granting the motion. We therefore reverse the judgment and reinstate the petition, and we grant respondent 20 days from service of the order of this Court with notice of entry to serve and file an answer (*see Matter of Timmons v Green*, 57 AD3d 1393, 1395).

Petitioner owns property located within a Woodlot Overlay Protection District in the Town of Irondequoit, as set forth on the Woodlots Map of the Town of Irondequoit. Irondequoit Town Code (Town Code) § 235-43 provides that the locations and boundaries of an environmental protection overlay district (EPOD) shall be delineated on the official set of maps, but further states that those maps "shall be used for reference purposes only and shall not be used to delineate specific or exact boundaries of the various overlay districts. Field investigations and/or other environmental analyses may be required in

order to determine whether or not a particular piece of property is included within one or more of the overlay districts." Section 235-44 then provides that the "Town Department of Planning and Zoning shall be responsible for interpreting [EPOD] boundaries based on an interpretation of the Official Town of Irondequoit EPOD Maps, as well as the use of various criteria set forth in this article for determining such district boundaries." For a Woodlot EPOD, those criteria are set forth at section 235-53 (B) of the Town Code and include, inter alia, that the property have "communities" of certain species of trees. Finally, section 235-44 provides that "[a]ppeals from a determination of the Town Department of Planning and Zoning regarding boundaries of overlay districts shall be made to the Town Planning Board in accordance with the public hearing procedures."

Pursuant to Town Code § 235-44, petitioner appealed to respondent regarding the boundaries of the Woodlot EPOD that encompassed his property, and he submitted evidence in support of his assertion that his property did not meet the criteria for a Woodlot EPOD as set forth in section 235-53 (B). Respondent denied the appeal, and petitioner then commenced this CPLR article 78 proceeding.

"In considering a motion to dismiss a CPLR article 78 proceeding pursuant to CPLR 3211 (a) (7) and 7804 (f), all of the allegations in the petition are deemed to be true and are afforded the benefit of every favorable inference" (*Matter of Eastern Oaks Dev., LLC v Town of Clinton*, 76 AD3d 676, 678; *see Leon v Martinez*, 84 NY2d 83, 87-88; *Matter of Haberman v Zoning Bd. of Appeals of City of Long Beach*, 94 AD3d 997, 1000-1001, *lv dismissed* 19 NY3d 951). We conclude that petitioner stated a claim that respondent acted arbitrarily and capriciously in denying the appeal because the criteria set forth in Town Code § 235-53 (B) were not considered by respondent. Based on Town Code §§ 235-43 and 235-44, respondent is responsible for interpreting the boundary of the particular Woodlot EPOD encompassing petitioner's property, based on the criteria set forth in Town Code § 235-53 (B). Contrary to respondent's contention, the Town Code does not prohibit respondent from changing the boundary lines of an EPOD as shown on the EPOD maps, and respondent's authority to make such changes is not limited to those situations in which the property is located near the existing boundary as shown on the EPOD map.

We disagree with the court that it defied common sense that respondent would be given the power "to drastically change [Woodlot] EPOD[] designations at any time without input from the entity that created the districts in the first place - the Town Board." In interpreting a zoning law, we must "show a healthy respect for the plain language employed," and the law must "be construed in favor of the property owner and against the municipality which adopted and seeks to enforce it" (*City of New York v Les Hommes*, 94 NY2d 267, 273). Here, the plain language of the relevant provisions of the Town Code does not limit respondent's authority when interpreting the boundaries of an EPOD.

We also agree with petitioner that the court erred in concluding

that the petition was untimely.  We reject respondent's contention that petitioner was actually challenging the existence of the Woodlot EPOD that encompasses his property and that was shown on the Woodlots map that was created and made a part of the Town Code in 1986. Petitioner's application was pursuant to Town Code § 235-44, which specifically gives respondent the authority to hear appeals on overlay district boundaries.  That section does not set forth any time limitation for when property owners may seek an interpretation of overlay district boundaries.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court