Matter of Irfan v Vullo (2019 NY Slip Op 00122)





Matter of Irfan v Vullo


2019 NY Slip Op 00122


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-08405
 (Index No. 517286/16)

[*1]In the Matter of Kiran Irfan, etc., petitioner/plaintiff- respondent, 
v
Maria T. Vullo, etc., respondent/ defendant-appellant, et al., respondent/defendant.


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Philip V. Tisne of counsel), for respondent/defendant-appellant.
The Lambrou Law Firm, P.C., New York, NY (Lambros Y. Lambrou of counsel), for petitioner/plaintiff-respondent.
John Bonina, Brooklyn, NY, for amicus curiae New York State Academy of Trial Lawyers.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York State Medical Indemnity Fund dated July 5, 2016, which denied the application of the petitioner/plaintiff for enrollment into that fund, and action for declaratory relief, the respondent/defendant Maria T. Vullo appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated June 23, 2017. The order and judgment, insofar as appealed from, in effect, denied those branches of the motion of the respondent/defendant Maria T. Vullo which were pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the causes of action for relief pursuant to CPLR article 78, granted the petition, and directed that the petitioner/plaintiff be accepted into the New York State Medical Indemnity Fund.
ORDERED that the order and judgment is modified, on the law, by deleting the provisions thereof granting the petition and directing that the petitioner/plaintiff be accepted into the New York State Medical Indemnity Fund; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the service and filing of an answer and the administrative record within 20 days after the date of this decision and order, and for further proceedings on the petition/complaint in accordance herewith.
After being denied enrollment in the New York State Medical Indemnity Fund (hereinafter the fund), the petitioner/plaintiff commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief against Maria T. Vullo, in her official capacity as Superintendent of the New York State Department of Financial Services and as administrator of the fund (hereinafter the fund administrator), and Emily Prober, as the authorized representative of the fund's third-party administrator. The petitioner/plaintiff sought, inter alia, to annul the fund's denial of her application for enrollment into the fund. The fund administrator moved pursuant to CPLR 7804(f) and 3211(a)(7) to dismiss the petition/complaint for failure to state a cause of action. The [*2]Supreme Court, in effect, denied the fund administrator's motion to dismiss, granted the petition seeking relief under CPLR article 78, and directed that the petitioner/plaintiff be accepted into the fund. The fund administrator appeals.
On a motion to dismiss pursuant to CPLR 7804(f) and 3211(a)(7), "all of the allegations in the petition are deemed true and the petitioner is afforded the benefit of every favorable inference" (Matter of MVM Constr., LLC v Westchester County, 112 AD3d 635, 636 [internal quotation marks omitted]). "[T]he sole criterion is whether the petition sets forth allegations sufficient to make out a claim" (id. at 636; see Matter of Kar-McVeigh, LLC v Zoning Bd. of Appeals of Town of Riverhead, 93 AD3d 799, 800). "If the motion [to dismiss] is denied, the court shall permit the respondent to answer" (CPLR 7804[f]; see Matter of Smiler v Board of Educ., 15 AD3d 409, 410).
Here, we agree with the Supreme Court's determination, in effect, denying those branches of the fund administrator's motion which were to dismiss the causes of action for relief pursuant to CPLR article 78. Accepting the petitioner/plaintiff's allegations as true and affording her "the benefit of every favorable inference," she stated a cause of action for relief under CPLR article 78 (Matter of MVM Constr., LLC v Westchester County, 112 AD3d at 636 [internal quotation marks omitted]). However, the court should not have decided the ultimate merits of the petition seeking relief under CPLR article 78, as the fund administrator had not yet filed an answer or the administrative record (see CPLR 7804[f]; Matter of Smiler v Board of Educ., 15 AD3d at 410).
In light of our determination, we do not reach any remaining contentions.
Accordingly, we remit the matter to the Supreme Court, Kings County, for the service and filing of an answer to the petition/complaint and the complete administrative record, and for further proceedings thereafter on the petition/complaint.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court