■ TOWN OF RIVERHEAD, Appellant, v TOWN OF BROOKHAVEN, Respondent. [710 NYS2d 602] —In an action pursuant to County Law § 228, *inter alia,* to determine the boundary line between the Town of Riverhead and the Town of Brookhaven, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated June 24, 1999, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment in accordance with the requirements of County Law § 228.

Since 1686, Wading River Creek has been the boundary between the Town of Brookhaven (hereinafter Brookhaven) and its neighbor to the east, which was the Town of Southold until 1792, when the Town of Southold was divided and the Town of Riverhead (hereinafter Riverhead) was created. Thereafter, Wading River Creek became the border between Brookhaven and Riverhead. Sometime in the late 1960's, the mouth of Wading River Creek was artificially diverted about 1,100 feet to the east, with the knowledge and consent of the Town of River-

head. Ever since the diversion, Brookhaven has collected taxes and provided municipal services to the area to the west of the new course of Wading River Creek. In 1998, Riverhead commenced this action pursuant to County Law § 228, seeking a determination that the area in question was within its jurisdictional boundaries and directing Brookhaven to repay the taxes it collected on the disputed property for the past 30 years.

Riverhead's long period of acquiescence and failure to exercise jurisdiction over the disputed area preclude it from asserting that the subject property fell within its territorial limits. As the Court of Appeals stated in *La Porto v Philmont* (39 NY2d 7, 11), the "doctrine of acquiescence is applicable * * * where, by custom, usage and the passage of time, disputed territory has been assumed by all interested persons to be beyond the boundaries of one entity of local government and within those of another, and where property owners or adjacent units of local government have relied to their detriment upon the inaction and passivity of a municipal corporation to which knowledge of the original boundaries at the time of incorporation may be imputed".

Contrary to Riverhead's contention, the municipal boundary created by the State Legislature has not been altered. The State Legislature merely set the boundary as the "east line of Brookhaven" (L 1788, ch 64). The east line of Brookhaven has been Wading River Creek since 1686.

Pursuant to County Law § 228 once the Supreme Court determines the disputed boundaries "[a] certified copy of the judgment containing the courses, distances and fixed monuments shown upon a map or survey shall be filed in the office of the town clerk of each town affected thereby". Accordingly the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.