In the Matter of COMMITTEE TO STOP AIRPORT EXPANSION et al., Appellants, v TOWN BOARD OF TOWN OF EAST HAMPTON et al., Respondents, et al., Respondents. [769 NYS2d 400]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of East Hampton dated April 6, 2001, which approved the repaving of an East Hampton Airport aircraft parking apron with funding from the Federal Aviation Administration and agreed to an extension of Federal Aviation Administration grant assurances, and an action, inter alia, for a judgment, in effect, declaring that Resolution No. 483 of 2001 was not validly enacted, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered September 3, 2002, as dismissed the CPLR article 78 proceeding and the cause of action for declaratory relief.

Ordered that the judgment is modified by adding a provision thereto declaring that Resolution No. 483 of 2001 was validly enacted; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents-respondents appearing separately and filing separate briefs.

The determination of the Town Board of the Town of East Hampton (hereinafter the Town Board) that the repaving of an aircraft parking apron at the East Hampton Airport was a Type II action under the State Environmental Quality Review Act (see ECL art 8; hereinafter SEQRA) was not arbitrary and capricious and had a rational and substantial basis in the record (see Matter of Lahey v Kelly, 71 NY2d 135, 140 [1987]; Matter of Fuhst v Foley, 45 NY2d 441, 444 [1978]). Such an action, by definition, does not have "a significant impact on the environment" and does not require environmental impact review under SEQRA (see 6 NYCRR 617.5; see also Matter of Crews v Village of Dobbs Ferry, 272 AD2d 540 [2000]). The Town Board also properly determined that its determination to extend Federal Aviation Administration grant assurances in exchange for Federal funding for the repaving project was not an "action" as defined by 6 NYCRR 617.2 (b) (2).

The petitioners' remaining contentions are without merit.

We note that since this is, in part, a declaratory judgment ac-

tion, the Supreme Court should have made a declaration in favor of the Town of East Hampton rather than dismissing the cause of action for declaratory relief (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). McGinity, J.P., Luciano, Schmidt and Rivera, JJ., concur.