■ In the Matter of Paul Sharkey II et al., Appellants, v Town of Southold Justice Court, Respondent. [896 NYS2d 883]—

In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the Town of Southold Justice Court from taking any action with respect to misdemeanor complaints charging the petitioners with violations of ECL 13-0309 (3), the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County, entered February 24, 2009, which granted the respondent's motion pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioners challenge the jurisdiction of the Justice Court

of the Town of Southold to hear and determine misdemeanor charges against them for harvesting clams in Cutchogue Harbor, in alleged violation of ECL 13-0309 (3). They claim that Cutchogue Harbor, which is on the north shore of Peconic Bay, is not within the geographic jurisdiction of the Town of Southold. They cite the 1676 Andros colonial patent, which created the Town of Southold, and conveyed a portion of Long Island to the Town, but included neither the underwater lands below the high water mark of Peconic Bay nor its harbors and inlets. It appears that the land beneath Peconic Bay is indeed owned by the State of New York rather than the Town (*see Town of Southold v Parks*, 41 Misc 456 [1903], *affd* 97 App Div 636 [1904], *affd* 183 NY 513 [1905]; *County of Suffolk v Edwards*, 86 Misc 283 [1914]).

However, at issue here is not which governmental entity owns the disputed property in fee; rather, the issue is whether the charged crime was committed in the Town or in another municipality. The geographical boundaries set by the colonial patents did not remain stagnant (*see Pindell v Rockwood Holding Corp.*, 173 Misc 916 [1940], *affd* 266 App Div 687 [1943]). The municipal boundaries of the Town were defined by the New York State Legislature in 1788 pursuant to chapter 64 of the Laws of 1788 (*see Town of Riverhead v Town of Brookhaven*, 273 AD2d 459, 460 [2000]), to include "all that part of the county of Suffolk . . . including . . . Robins's Island . . . and all that part of the manor of St. George on the *north side of Peaconock* [Peconic]" (emphasis added). Cutchogue Harbor is on the north side of Peconic Bay, and the Suffolk County tax map indicates that the north side of Peconic Bay, which includes Robins Island, is part of the Town.

Accordingly, the petitioners failed to demonstrate "a clear right to the relief sought" (*Matter of Prospect v Doyle*, 44 AD3d 863 [2007]; *see Matter of Norman v Hynes*, 20 AD3d 125, 134 [2005]; *Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]) and, therefore, the proceeding was properly dismissed. Fisher, J.P., Santucci, Eng and Chambers, JJ., concur.