■ In the Matter of CONEY-BRIGHTON BOARDWALK ALLIANCE et al., Appellants, v NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, Respondent. [998 NYS2d 114]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Parks and Recreation dated August 9, 2011, to implement a plan to replace the wooden planks of a five-block section of the Riegelmann Boardwalk in Brooklyn with a concrete and plastic surface, as approved by the New York City Design Commission in a determination dated June 4, 2012, and action, inter alia, for a declaratory judgment, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Kings County (Solomon, J.), dated December 10, 2012, which denied the petition and dismissed the hybrid proceeding and action.

Ordered that the judgment is affirmed, with costs.

The petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for a declaratory judgment. The petitioners sought to review a determination of the New York City Department of Parks and Recreation (hereinafter the DPR) to implement a plan to replace the wooden planks along a five-block section of Coney Island's Riegelmann Boardwalk with a surface made of concrete and recycled plastic lumber, a synthetic material designed to resemble wood, contending that the DPR violated the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) and the City Environmental Quality Review Rules (62 RCNY 5-01 *et seq.* [hereinafter CEQR]) in approving the plan. The Supreme Court denied the petition and dismissed the hybrid proceeding and action.

Contrary to the DPR's contention, it failed to demonstrate that the proceeding/action was barred by the statute of limitations. The DPR failed to meet its burden of demonstrating that it made a final and binding determination to implement the plan, and that the petitioners were provided notice of such a determination more than four months before the proceeding was commenced (*see* CPLR 217 [1]; *Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270 [2000]; *Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 73 [1989]; *Matter of Silvestri v Hubert*, 106 AD3d 924, 925 [2013]).

Nevertheless, the Supreme Court properly denied the petition and dismissed the proceeding on the merits. The DPR determined that the proposed boardwalk project was for a "replacement, rehabilitation or reconstruction of a structure or facility, in kind" (6 NYCRR 617.5 [c] [2]) and, thus, was a Type II action under SEQRA and CEQR that presumptively did not have a significant impact upon the environment, and did not require the preparation and circulation of an environmental impact statement. The fact that different materials were used in the replacement construction did not alter the propriety of classifying the project as a Type II action, and that determination was, thus, not arbitrary and capricious, made in violation of lawful procedure, affected by an error of law, an abuse of discretion, or irrational (*see Matter of Groarke v Board of Educ. of Rockville Ctr. Union Free School Dist.*, 63 AD3d 935, 936 [2009]). Once an action is properly classified as a Type II action under the enumerated provisions of 6 NYCRR 617.5 (c), which the New York State Department of Environmental Conservation has already determined to have no significant impact on the environ-

ment (*see* ECL 8-0113 [2] [c] [ii]; 6 NYCRR 617.3 [f]), no further SEQRA or CEQR review is required (*see Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie,* 3 NY3d 508, 518 n 8 [2004]; *Matter of Groarke v Board of Educ. of Rockville Ctr. Union Free School Dist.,* 63 AD3d at 936; *Matter of Committee to Stop Airport Expansion v Town Bd. of Town of E. Hampton,* 2 AD3d 850 [2003]; *Matter of Levine v Town of Clarkstown,* 307 AD2d 997, 998 [2003]; *Matter of Civic Assn. of Utopia Estates v City of New York,* 175 Misc 2d 779, 782 [Sup Ct, Queens County 1998], *affd* 258 AD2d 650 [1999]; *Matter of Anderberg v New York State Dept. of Envtl. Conservation,* 141 Misc 2d 594, 597 [Sup Ct, Albany County 1988]).

Since the legal issues in dispute here are limited to whether the DPR's determination under SEQRA and CEQR was arbitrary and capricious, made in violation of lawful procedure, affected by an error of law, an abuse of discretion, or irrational, those issues are subject to review only pursuant to CPLR article 78 (*see* CPLR 7803 [3]; *Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast,* 9 NY3d 219, 231-232 [2007]; *Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202 [1987]; *Matter of East Moriches Prop. Owners' Assn., Inc. v Planning Bd. of Town of Brookhaven,* 66 AD3d 895, 897 [2009]), thus rendering unnecessary the causes of action for a judgment declaring that the DPR violated SEQRA and CEQR (*see Matter of East Moriches Prop. Owners' Assn., Inc. v Planning Bd. of Town of Brookhaven,* 66 AD3d at 897 [2009]; *Matter of Whitted v City of Newburgh,* 65 AD3d 1365, 1369 [2009]; *Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City,* 62 AD3d 1004, 1007 [2009]). Consequently, the causes of action seeking a declaratory judgment were properly dismissed (*see Whitted v City of Newburgh,* 65 AD3d at 1369).

The parties' remaining contentions have been rendered academic by our determination. Eng, P.J., Dillon, Duffy and Barros, JJ., concur.