In the Matter of ARASH REAL ESTATE AND MANAGEMENT COMPANY, Appellant, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS et al., Respondents. [52 NYS3d 102]—

Appeal by the petitioner/plaintiff from an order and judgment (one paper) of the Supreme Court, Queens County (Janice A. Taylor, J.), entered October 16, 2014. The order and judgment granted the motion of the respondents/defendants to dismiss the petition/complaint pursuant to CPLR 3211 (a) (7) and 7804 (f) and, in effect, denied the petition and dismissed the hybrid proceeding and action.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the motion of the respondents/defendants pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition/complaint is denied, so much of the petition/complaint as sought to annul the determination of the respondent/defendant New York City Department of Consumer Affairs dated July 9, 2013, is granted, the determination is annulled, the penalty imposed is vacated, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment making appropriate declarations on the remaining causes of action in accordance herewith.

The petitioner/plaintiff, Arash Real Estate and Management Company (hereinafter the petitioner), is a residential real estate brokerage company. On January 11, 2013, an inspector from the respondent/defendant New York City Department of Consumer Affairs (hereinafter the DCA) conducted an undercover inspection of the petitioner's place of business in Queens. Following the inspection, the petitioner was issued a Notice of Hearing by the DCA, charging it with violating section 20-809 (a) of the Administrative Code of the City of New York, which requires the posting of signs advising consumers of their rights concerning tenant screening reports.

By decision dated April 4, 2013, made after a hearing, an administrative law judge determined that the petitioner had violated section 20-809 (a) of the Administrative Code and imposed a fine in the sum of $500. That determination was confirmed by the DCA on appeal, by decision dated July 9, 2013.

The petitioner thereafter commenced this hybrid CPLR article 78 proceeding and action against the DCA and its Commissioner (hereinafter together the respondents), seeking to annul the determination dated July 9, 2013, and for a judg-

ment declaring that section 20-809 (a) of the Administrative Code and section 5-265 (a) of the Rules of City of New York Department of Consumer Affairs (6 RCNY) (hereinafter the Rules) are preempted by article 12-A of the Real Property Law, are unconstitutionally vague, and violate the petitioner's constitutional rights to due process and equal protection. The respondents moved pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition/complaint for failure to state a cause of action. By order and judgment entered October 16, 2014, the Supreme Court granted the respondents' motion and, in effect, denied the petition and dismissed the hybrid proceeding and action.

Initially, contrary to the Supreme Court's determination, the petitioner adequately pleaded a cause of action to annul the determination dated July 9, 2013, pursuant to CPLR 7803 (3), as affected by an error of law or arbitrary and capricious or an abuse of discretion. Further, although the respondents did not file an answer, where, as here, "it is clear that no dispute as to the facts exists and no prejudice will result," the court can, upon a respondent's motion to dismiss, decide the petition on the merits (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]; *see Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn.*, 145 AD3d 46 [2016]).

Here, the DCA's determination was affected by an error of law, since its interpretation of the Administrative Code provision which the petitioner was charged with violating was unreasonable (*see generally Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York*, 82 NY2d 35, 42 [1993]). The Administrative Code provision at issue provides, in relevant part: "Any person requesting application information from a prospective tenant or tenants shall post a sign . . . in any location at which the principal purpose is conducting business transactions pertaining to the rental of residential real estate properties" (Administrative Code § 20-809 [a]). It was undisputed by the respondents that the petitioner's business concerned sales of real estate properties, although the petitioner admitted to handling one or two residential rentals per year. Under these circumstances, the petitioner correctly argued that the Administrative Code provision was inapplicable to it because it did not have a "location at which the principal purpose is conducting business transactions pertaining to the rental of residential real estate properties" (*id.*).

The DCA's interpretation of the Administrative Code provision as requiring any person who requests application informa-

tion from a prospective tenant to have a sign posted, as long as the location at which the request was made is one where business transactions are conducted, renders meaningless the phrase "pertaining to the rental of residential real estate properties" (*see generally Matter of Westchester Joint Water Works v Assessor of the City of Rye*, 27 NY3d 566, 575 [2016]). Further, although the respondent correctly points out that the subject provision requires "[a]ny person requesting application information" to post a sign, the provision then limits the place where that sign is to be posted to a "location at which the principal purpose is conducting business transactions pertaining to the rental of residential real estate." If, as here, the party requesting the information does not have such a location, then it cannot, under the plain language of the Administrative Code, be required to post a sign. Nevertheless, any person requesting application information from a prospective tenant, whether or not at a qualifying location at which a sign must be posted, is required under Administrative Code § 20-808 (a) to provide written notice to the prospective tenant of substantially the same information required to appear on the sign mandated by Administrative Code § 20-809 (a). Thus, the rights of tenants dealing with businesses such as the petitioner are protected under Administrative Code § 20-808 (a).

Although we have determined that the petitioner is entitled to relief pursuant to CPLR article 78, we conclude, for the following reasons, that it is not entitled to the declarations sought in its petition/complaint.

The Supreme Court correctly determined that, as a matter of law, section 20-809 (a) of the Administrative Code and section 5-265 (a) of the Rules were not preempted by article 12-A of the Real Property Law. "Article 12-A entitled 'Real Estate Brokers and Real Estate Salesmen,' is a regulatory statute setting up a comprehensive plan to assure, by means of licensing, that standards of competency, honesty and professionalism are observed by real estate brokers and salesmen" (*2 Park Ave. Assoc. v Cross & Brown Co.*, 36 NY2d 286, 289 [1975] [citations omitted]). Contrary to the petitioner's contention, this regulatory scheme does not preempt local laws concerning disclosures related to tenant screening reports, which is the subject of section 20-809 (a) of the Administrative Code and section 5-265 (a) of the Rules. "State statutes do not necessarily preempt local laws having only 'tangential' impact on the State's interests" (*DJL Rest. Corp. v City of New York*, 96 NY2d 91, 97 [2001]). Further, sections 20-809 (a) of the Administrative Code and 5-265 (a) of the Rules are not inconsistent with article 12-A of

the Real Property Law, since they neither prohibit what would be permissible under State law nor impose prerequisites or additional restrictions on rights granted under State law so as to inhibit the operation of the State's general laws (*see DiFrancesco v County of Rockland*, 41 AD3d 530, 531-532 [2007]).

The Supreme Court properly determined that the challenged provisions of the Administrative Code and the Rules did not violate the petitioner's right to equal protection. Even assuming the truth of the petitioner's allegations, the petitioner has not identified other similarly situated persons or groups from whom they have been treated differently (*see Matter of Walton v New York State Dept. of Correctional Servs.*, 13 NY3d 475, 493 [2009]; *Huntington Yacht Club v Incorporated Vil. of Huntington Bay*, 1 AD3d 480, 482 [2003]).

The Supreme Court also correctly determined, as a matter of law, that the challenged provisions of the Administrative Code and the Rules were not unconstitutionally vague as applied to the petitioner, and consequently, not unconstitutionally vague on their face (*see People v Stephens*, 28 NY3d 307 [2016]; *People. v Stuart*, 100 NY2d 412, 429 [2003]). The petitioner argues that the phrase "principal purpose," used in the Administrative Code and the Rules, is undefined and subject to various interpretations. Even though there may an element of degree in the definition of "principal purpose," as to which estimates might differ, under the undisputed factual circumstances of this case, the challenged phrase was not so indefinite as to afford the petitioner insufficient notice of the required conduct or inadequate guidelines for adjudication (*see People v Stephens*, 28 NY3d 307 [2016]; *People v Cruz*, 48 NY2d 419, 428 [1979]). In other words, under the undisputed facts of this case, the Administrative Code provision was clear. However, contrary to the DCA's determination, the provision did not apply to the petitioner.

Where, as here, a party moves pursuant to CPLR 3211 (a) (7) to dismiss a properly pleaded cause of action for a declaratory judgment, and " 'no questions of fact are presented [by the controversy]' " (*Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2011], quoting *Hoffman v City of Syracuse*, 2 NY2d 484, 487 [1957]), the motion to dismiss is to be "taken as a motion for a declaration in the [moving party's] favor and treated accordingly" (*Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150 [internal quotation marks omitted]; *see St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.*, 20 NY2d 317, 325 [1967]). Therefore, the Supreme Court should have denied the motion

to dismiss the first through third causes of action which sought declaratory relief, and issued declarations thereon in the respondents' favor.

Accordingly, we reverse the judgment, deny the DCA's motion, grant so much of the petition as sought to annul the determination dated July 9, 2013, annul the determination, vacate the penalty imposed, and remit the matter for the entry of a judgment making appropriate declarations on the remaining causes of action (see Lanza v Wagner, 11 NY2d 317, 334 [1962]). Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.