Matter of 7-Eleven, Inc. v Town of Hempstead (2022 NY Slip Op 03239)





Matter of 7-Eleven, Inc. v Town of Hempstead


2022 NY Slip Op 03239


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10818
2019-12935
 (Index No. 603904/19)

[*1]In the Matter of 7-Eleven, Inc., et al., appellants,
v
Town of Hempstead, et al., respondents.


Amato Law Group, PLLC, Garden City, NY (Alfred L. Amato, Keith W. Corso, and Megan F. Carroll of counsel), for appellant 7-Eleven, Inc.
McLaughlin & Stern, Garden City, NY (Christian Browne of counsel), for appellant Long Beach Auto Parts Warehouse, Inc.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Peter Sullivan of counsel), for respondents Town of Hempstead, Town of Hempstead Board of Appeals, Town of Hempstead Department of Buildings, and Town of Hempstead Department of Highways.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondents Nassau County and Nassau County Department of Public Works (no brief filed).



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review of a determination of the Board of Appeals of the Town of Hempstead dated April 17, 2019, which, after a hearing, varied the prior approval of the site plan of the petitioner 7-Eleven, Inc., so as to eliminate a particular curb cut, the petitioners separately appeal from (1) a judgment of the Supreme Court, Nassau County (Thomas Feinman, J.), dated August 19, 2019, and (2) an amended judgment of the same court dated October 23, 2019. The amended judgment converted the matter, originally commenced as an action for declaratory and injunctive relief, to a proceeding pursuant to CPLR article 78 and, in effect, denied the amended petition and dismissed the proceeding.
ORDERED that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,
ORDERED that the amended judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents Town of Hempstead, Town of Hempstead Board of Appeals, Town of Hempstead Department of Buildings, and Town of Hempstead Department of Highways.
In a determination dated April 17, 2019, following a public hearing, the respondent Town of Hempstead Board of Appeals (hereinafter BOA) varied a prior approval by the respondent Town of Hempstead Department of Buildings (hereinafter DOB) of a site plan for construction of [*2]a convenience store by the petitioner 7-Eleven, Inc. (hereinafter 7-Eleven), so as to eliminate one of the curb cuts, which the BOA found would cause hazardous conditions due to the curb cut's proximity to a busy intersection. 7-Eleven, which leased the property, commenced an action against the Town of Hempstead, the BOA, the DOB, and the Town of Hempstead Department of Highways (hereinafter collectively the Town), and Nassau County and the Nassau County Department of Public Works (hereinafter together the County), seeking declaratory and injunctive relief relating to the BOA's determination. The Town moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. The County also moved pursuant to CPLR 3211(a)(7), among other provisions, to dismiss the complaint insofar as asserted against it. While the motions were pending, 7-Eleven amended the complaint to name the landlord, Long Beach Auto Parts Warehouse, Inc., as an additional plaintiff. 7-Eleven and the landlord (hereinafter together the petitioners) then cross-moved for summary judgment on the first and second causes of action, seeking a judgment declaring that the BOA's determination was null and void. The Supreme Court converted the action to a proceeding pursuant to CPLR article 78 and, in effect, denied the amended petition and dismissed the proceeding. The petitioners appeal.
Contrary to 7-Eleven's contention, the Supreme Court properly converted this matter, originally commenced as an action for declaratory and injunctive relief, to a proceeding pursuant to CPLR article 78, since the petitioners essentially seek review of a government agency determination and their proper avenue for judicial relief lies in a CPLR article 78 proceeding (see CPLR 103[c]; Matter of Adirondack Med. Center-Uihlein v Daines, 119 AD3d 1175, 1176; Matter of Huntley v Evans, 77 AD3d 945, 946; Town of Fishkill v Royal Dutchess Properties, Inc., 231 AD2d 511, 511-512). Further, "although the respondents did not file an answer, where, as here, 'it is clear that no dispute as to the facts exists and no prejudice will result,' the court can, upon a respondent's motion to dismiss, decide the petition on the merits" (Matter of Arash Real Estate & Mgt. Co. v New York City Dept. of Consumer Affairs, 148 AD3d 1137, 1138, quoting Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102; see Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 AD3d 46, 59; Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech., 98 AD3d 1049, 1051).
A local planning board has broad discretion in deciding applications for site plan approvals, and judicial review is limited to determining whether the board's action was illegal, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Matter of Marcus v Planning Bd. of Vil. of Wesley Hills, 199 AD3d 1007, 1009; Matter of Saint James Antiochian Orthodox Church v Town of Hyde Park Planning Bd., 132 AD3d 687, 688; Matter of Hejna v Planning Bd. of Vil. of Amityville, 105 AD3d 846). Here, the determination of the BOA to vary the prior approval of the site plan had a rational basis, and was not illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Saint James Antiochian Orthodox Church v Town of Hyde Park Planning Bd., 132 AD3d at 688; Matter of Hejna v Planning Bd. of Vil. of Amityville, 105 AD3d 846).
Accordingly, the Supreme Court properly, in effect, denied the amended petition and dismissed the proceeding.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court