Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk (2023 NY Slip Op 02657)

Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk

2023 NY Slip Op 02657

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-01422
 (Index No. 3078/19)

[*1]In the Matter of 22-50 Jackson Avenue Associates, L.P., appellant, 
v
County of Suffolk, et al., respondents.

Certilman Balin Adler & Hyman, LLP, Hauppauge, NY (John M. Wagner of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray and Melissa Sanderleaf of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 17, 2019. The order and judgment granted the respondents/defendants' motion pursuant to CPLR 3211(a) and, in effect, CPLR 7804(f) to dismiss the petition/complaint and, in effect, denied the petition and dismissed the proceeding/complaint.
ORDERED that the order and judgment is affirmed, with costs.
As set forth more fully in the decision and order of this Court on a related appeal (see Matter of 22-50 Jackson Avenue Associates, L.P. v County of Suffolk, _____ AD3d _____ [Appellate Division Docket No. 2020-01493, decided herewith]), the petitioner/plaintiff, 22-50 Jackson Avenue Associates, L.P. (hereinafter Jackson), owns a large parcel of land located in Suffolk County that it plans to develop into the "Heartland Town Square." The parcel is outside of the geographical bounds of any sewer district in Suffolk County. In order to address the sewage disposal needs of the development, Jackson submitted an application to the respondent-defendant Suffolk County Sewer Agency (hereinafter the Sewer Agency) to connect the property to the Suffolk County Sewer District No. 3 - Southwest (hereinafter the Southwest Sewer District). The Sewer Agency issued a resolution on February 5, 2018, authorizing "formal approval" of the proposed connection, subject to, among other things, a connection agreement being executed within one year. A connection agreement was not executed within one year. Jackson alleges that this was due to interference by the Suffolk County Legislature, which Jackson asserts, unlawfully attempted to assert authority over the proposed connection. With the expiration of the February 5, 2018 Sewer Agency resolution approaching, Jackson applied for an extension of the time in which to execute a connection agreement. The Sewer Agency issued a resolution on February 11, 2019, which renewed its February 5, 2018 resolution, but which also included a provision that the resolution would become null and void in the event that no authorization to execute the connection agreement was obtained from the Suffolk County Legislature within one year.
Jackson commenced this hybrid proceeding and action against the Sewer Agency and [*2]the County of Suffolk seeking, pursuant to CPLR article 78, to annul the provision of the February 11, 2019 resolution of the Sewer Agency that required legislative authorization of the connection, and a judgment declaring, inter alia, that the subject provision of the February 11, 2019 resolution should be annulled. The respondents/defendants moved pursuant to CPLR 3211(a) and, in effect, CPLR 7804(f) to dismiss the petition/complaint. The Supreme Court granted the motion, finding that the petition/complaint failed to state a cause of action, and, in effect, denied the petition and dismissed the proceeding/complaint. Jackson appeals.
"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (Leon v Martinez, 84 NY2d 83, 87; see CPLR 3026). The court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88). Similarly, on a pre-answer motion pursuant to CPLR 7804(f) to dismiss a petition upon objections in point of law, the court must accept as true all allegations contained in the petition and afford the petitioner the benefit of all favorable inferences (see Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 804; Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City, 62 AD3d 1004, 1006). "However, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Maas v Cornell Univ., 94 NY2d 87, 91 [internal quotation marks omitted]; see Myers v Schneiderman, 30 NY3d 1, 11).
Initially, although the petition/complaint asserts a cause of action for declaratory relief, that cause of action, in essence, seeks review of the Sewer Agency's February 11, 2019 resolution, which is subject to review only pursuant to CPLR article 78 (see Matter of Wehr v Brown, 169 AD3d 807, 808; Matter of Coney-Brighton Boardwalk Alliance v New York City Dept. of Parks & Recreation, 122 AD3d 924, 926; Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City, 62 AD3d at 1007). Accordingly, the Supreme Court properly granted that branch of the respondents/defendants' motion which was to dismiss the declaratory judgment cause of action (see Matter of Wehr v Brown, 169 AD3d at 808; Matter of Coney-Brighton Boardwalk Alliance v New York City Dept. of Parks & Recreation, 122 AD3d at 926).
The Supreme Court erred, however, in concluding that the petition/complaint failed to state a cause of action to review the Sewer Agency's determination pursuant to CPLR article 78, as the factual allegations in the petition/complaint adequately allege that the determination was affected by an error of law and was arbitrary and capricious (see id. § 7803[3]; Matter of Arash Real Estate & Mgt. Co. v New York City Dept. of Consumer Affairs, 148 AD3d 1137, 1138). Nonetheless, CPLR article 78 proceedings are summary in nature (see id. § 409[b]; Matter of East End Resources, LLC v Town of Southold Planning Bd., 81 AD3d 947, 949; Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City, 62 AD3d at 1006). Although the respondents/defendants did not file an answer, where, as here, "'it is clear that no dispute as to the facts exists and no prejudice will result,' the court can, upon a respondent's motion to dismiss, decide the petition on the merits" (Matter of Arash Real Estate & Mgt. Co. v New York City Dept. of Consumer Affairs, 148 AD3d at 1138, quoting Matter of Nassau BOCES Cent. Council of Teacher v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102; see Matter of 7-Eleven, Inc. v Town of Hempstead, 205 AD3d 909, 910; Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 AD3d 46, 59).
Here, Jackson contends that the subject provision of the Sewer Agency's February 11, 2019 resolution, stating that the resolution would expire within one year if legislative authorization were not obtained, was affected by an error of law because the Suffolk County Legislature had no authority to review or approve of contracts negotiated by the Commissioner of the Suffolk County Department of Public Works, acting in his capacity as the administrator of the Sewer Agency, for connection to a sewer district facility by a user outside of the district's geographical bounds. As decided in the decision of this Court on the related appeal (see Matter of 22-50 Jackson Avenue Associates, L.P. v County of Suffolk, _____ AD3d _____ [Appellate Division Docket No. 2020-01493, decided herewith]), this contention is without merit, and the Suffolk County Code expressly requires legislative review and approval of any such contract. Accordingly, [*3]the Sewer Agency's February 11, 2019 resolution was not affected by an error of law or arbitrary and capricious.
Jackson's contention that it should be permitted to replead any deficiencies in the petition/complaint, raised for the first time on appeal and in reply, is not properly before this Court (see Bennett v State Farm Fire & Cas. Co., 137 AD3d 731, 732).
Accordingly, the Supreme Court properly granted the respondents/defendants' motion to dismiss the petition/complaint, and, in effect, denied the petition and dismissed the proceeding/complaint.
In light of our determination, we do not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court