Matter of Reyes v Suffolk County Traffic & Parking Violations Agency (2023 NY Slip Op 05736)

Matter of Reyes v Suffolk County Traffic & Parking Violations Agency

2023 NY Slip Op 05736

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2022-06192
 (Index No. 623973/21)

[*1]In the Matter of Yesica Reyes, appellant, 
v
Suffolk County Traffic and Parking Violations Agency, et al., respondents.

Scott Lockwood, Deer Park, NY, for appellant.
Dennis Brown, Acting County Attorney, Hauppauge, NY (Laura B. Sarowitz of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 (1) to review a determination of the respondent Suffolk County Traffic and Parking Violations Agency dated May 9, 2019, which, after a trial, convicted the petitioner of speeding in violation of Vehicle and Traffic Law § 1180(a), and (2) in the nature of prohibition, to prohibit the respondent Kenneth Diamond from sitting as a judicial hearing officer in the Suffolk County Traffic and Parking Violations Agency, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (George Nolan, J.), dated June 27, 2022. The order and judgment granted the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, dismissed as time-barred that branch of the petition which was to review the determination of the Suffolk County Traffic and Parking Violations Agency dated May 9, 2019, which, after a trial, convicted the petitioner of speeding in violation of Vehicle and Traffic Law § 1180(a), in effect, denied that branch of the petition which was in the nature of prohibition, to prohibit the respondent Kenneth Diamond from sitting as a judicial hearing officer in the Suffolk County Traffic and Parking Violations Agency, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 in December 2021. The petition sought review of a determination of the Suffolk County Traffic and Parking Violations Agency (hereinafter the Agency) dated May 9, 2019, after a trial, convicting the petitioner of speeding in violation of Vehicle and Traffic Law 1180(a). The petition alleged that the judicial hearing officer who presided over the trial, the respondent Kenneth Diamond, lacked the authority to hear and determine the matter because he was not a resident of Suffolk County. The petition further sought to prohibit Diamond from sitting as a judicial hearing officer in the Agency.
The respondents moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. The respondents contended, inter alia, that the proceeding was time-barred by the applicable statute of limitations and that the petition failed to state a cause of action pursuant to CPLR article 78 in the nature of prohibition. The petitioner opposed the motion. In an order and judgment dated June 27, 2022, the Supreme Court granted the respondents' motion, dismissed as time-barred that branch of the petition which was to review the Agency's May 9, 2019 determination, after a trial, convicting the petitioner of speeding in violation of Vehicle and Traffic Law 1180(a), in effect, denied that branch of the petition which was to prohibit Diamond from sitting [*2]as a judicial hearing officer in the Agency, and dismissed the petition. The petitioner appeals.
The Supreme Court properly, in effect, denied that branch of the petition which was to prohibit Diamond from sitting as a judicial hearing officer in the Agency. Contrary to the petitioner's contention, the court did not err in reaching the merits of that branch of the petition before the respondents interposed an answer. CPLR article 78 proceedings are summary in nature (see id. § 409[b]; Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City, 62 AD3d 1004, 1006). Although the respondents did not file an answer, where, as here, "'it is clear that no dispute as to the facts exists and no prejudice will result,' the court can, upon a respondent's motion to dismiss, decide the petition on the merits" (Matter of Arash Real Estate & Mgt. Co. v New York City Dept. of Consumer Affairs, 148 AD3d 1137, 1138, quoting Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102; see Matter of 7-Eleven, Inc. v. Town of Hempstead, 205 AD3d 909, 910). As no triable issues of fact were presented, the court properly determined that branch of the petition on the merits before the respondents interposed an answer (see CPLR 7804[f]; Matter of Wagschal v Szegedin, 215 AD3d 755, 757; Matter of S & R Dev. Estates, LLC v Feiner, 112 AD3d 945, 947).
To succeed on a writ of prohibition, the petitioner must demonstrate: (l) a body or officer is acting in a judicial or quasi-judicial capacity, (2) that body or officer is proceeding or threatening to proceed in excess of its jurisdiction, and (3) that the petitioner has a clear legal right to the relief requested (see Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783). Here, as the petitioner failed to demonstrate a clear right to the relief sought, the proceeding was properly dismissed (see Matter of Sharkey v Town of Southold Justice Ct., 71 AD3d 1030, 1031).
The petitioner's contention regarding the statute of limitations is improperly raised for the first time on appeal (see State of N.Y. Mtge. Agency v Costanza, 215 AD3d 990; Bank of N.Y. Mellon v Glasgow, 206 AD3d 790, 790).
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court