Matter of Los Amigos Deli Bodega Hispana Corp. v Board of Trustees of Inc. Vil. of Hempstead (2024 NY Slip Op 04393)

Matter of Los Amigos Deli Bodega Hispana Corp. v Board of Trustees of Inc. Vil. of Hempstead

2024 NY Slip Op 04393

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-08652
 (Index No. 606349/22)

[*1]In the Matter of Los Amigos Deli Bodega Hispana Corp., appellant, 
v
Board of Trustees of Incorporated Village of Hempstead, et al., respondents.

Farley & Kessler, P.C., Jericho, NY (Richard L. Farley and Susan R. Nudelman of counsel), for appellant.
Keisha N. Marshall, Village Attorney, Hempstead, NY, for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Hempstead dated May 3, 2022, which affirmed a determination of the Village Clerk dated February 7, 2022, denying the petitioner's application for a business license, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated October 4, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In January 2022, the petitioner applied for a license to operate a retail business in the Incorporated Village of Hempstead. The Village Clerk denied the petitioner's application, citing that the petitioner previously had engaged in illegal activities such as possession of gambling devices, possession of prescription medications, and permitting on-premise consumption of beer without a license. After a public hearing, the Board of Trustees of the Village of Hempstead (hereinafter the Board) affirmed the Village Clerk's determination. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Board's determination. In a judgment dated October 4, 2022, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Judicial review of the [Board]'s determination, which was made after a public hearing, as opposed to a quasi-judicial evidentiary hearing, is limited to whether the determination was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational" (Matter of Armand Gustave, LLC v Pavacic, 173 AD3d 1170, 1171 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Zupa v Board of Trustees of Town of Southold, 54 AD3d 957, 957). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (id.; see Matter of Armand Gustave, LLC v Pavacic, 173 AD3d at 1171). Here, the record indicates that the Board's determination to affirm the denial of the petitioner's application for a business license pursuant to the Code of the Village of Hempstead § 86-5 had a rational basis and [*2]was not arbitrary and capricious and, thus, there is no basis to disturb that determination.
Furthermore, contrary to the petitioner's contention, the Supreme Court did not err in reaching the merits of the petition before the respondents interposed an answer (see Matter of Reyes v Suffolk County Traffic & Parking Violations Agency, 221 AD3d 824, 825). On the record before us, it is clear that no dispute as to the dispositive facts exists and no prejudice will result from the failure to require an answer (see Matter of Lucas v Board of Educ. of the E. Ramapo Cent. Sch. Dist., 188 AD3d 1065, 1066-1067; Matter of Tanalski v New York State Div. of Human Rights, 262 AD2d 117, 118).
The petitioner's remaining contentions either were improperly raised for the first time in the petition (see Matter of Peckham v Calogero, 12 NY3d at 430), or are improperly raised for the first time on appeal, and therefore, are not properly before this Court.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court