Matter of BKP Harrison, LLC v Town/Vil. of Harrison
2026 NY Slip Op 02649
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of BKP Harrison, LLC, respondent,
v
Town/Village of Harrison, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2022-07063, (Index No. 56867/22)
Mark C. Dillon, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Phillip A. Grimaldi, Jr., Hawthorne, NY, for appellants.
Cuddy & Feder LLP, White Plains, NY (Brendan M. Goodhouse of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town/Village of Harrison Planning Board dated January 25, 2022, which, after a hearing, denied the petitioner's application for an amended site plan approval, the Town/Village of Harrison and the Town/Village of Harrison Planning Board appeal from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated August 17, 2022. The judgment granted the petition, annulled the determination, and directed the Town/Village of Harrison Planning Board to grant the application for an amended site plan approval.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner submitted an application to the Town/Village of Harrison Planning Board (hereinafter the planning board) for an amended site plan approval to replace an existing restaurant with a new restaurant and drive-through. After meetings and public hearings, in a determination dated January 25, 2022, the planning board denied the application. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination. In a judgment dated August 17, 2022, the Supreme Court granted the petition, annulled the determination, and directed the planning board to grant the application. This appeal ensued.
"A local planning board has broad discretion in deciding applications for site plan approvals, and judicial review is limited to determining whether the board's action was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of 7-Eleven, Inc. v Town of Hempstead, 205 AD3d 909, 910; see CPLR 7803[3]).
Here, the Supreme Court properly concluded that the planning board's determination was arbitrary and capricious and did not have a rational basis in the record. The planning board's determination was based, in part, on speculative predictions that motorists would not obey certain traffic signals and subjective concerns that the petitioner would not honor its commitment to limit deliveries to certain hours. Moreover, even though "[p]lanning boards are without power to interpret the local zoning law, as that power is vested exclusively in local code enforcement officials and the zoning board of appeals" (Matter of Swantz v Planning Bd. of Vil. of Cobleskill, 34 AD3d 1159, 1160; see Matter of O'Malley v Town of New Windsor Planning Bd., 227 AD3d 808, 810), the [*2]planning board based its denial, in part, on the conclusion that the petitioner would need a zoning variance for the width of its entrance driveways. Further, the planning board improperly relied on a study it conducted that the petitioner was not made aware of until the planning board referred to it in the determination (see Matter of Bali Two, LLC v Pascale, 225 AD3d 691, 692; Matter of Sunset Sanitation Serv. Corp. v Board of Zoning Appeals of Town of Smithtown, 172 AD2d 755).
Accordingly, the Supreme Court properly granted the petition, annulled the determination, and directed the planning board to grant the application.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court