OPINION OF THE COURT
Richard D. Rosenbloom, J.
This proceeding is brought pursuant to CPLR article 78 to review respondent’s determination denying petitioner’s application for a refund of certain real property taxes. Issues of fact were raised which were tried forthwith.
On October 23, 1981, petitioner filed applications for refunds on three separate parcels of land for the 1981 county and town tax and the 1981-1982 school tax. The applications were denied on November 18, 1981 and this proceeding was begun on February 17, 1982. The court agrees with respondent’s position that if the petition is considered one to review an assessment of real property, it has not been timely commenced within 30 days after the filing of the assessment roll (Sept. 21,1981) as required by subdivision 2 of section 702 of the Real Property Tax Law. The court considers the petitioner’s application as one based on alleged errors in essential facts and finds that it was filed within one year from the annexation of the warrant as required by subdivision 4 of section 556-a of the Real Property Tax Law. This proceeding was timely commenced within four months after the determination to be reviewed became final as required by CPLR 217.
*175 Petitioner testified that Parcel No. 803 contains a house, barn and corn crib. He stated that the house has been extensively vandalized, the barn has no floor and a bad roof and that the corn crib has rotted. In support of its assessed valuation of $2,000, respondent’s representative stated that the house and barn were deteriorating but were “not all that bad.”
As to Parcel No. 1412, petitioner testified that a barn blew over eight years ago and that the existing house was rotted with no plumbing or water. In support of its assessed valuation of $200, respondent’s representative confirmed that the barn was not assessed and conceded that the house hadn’t been lived in for several years.
As to Parcel No. 1413, petitioner testified that it contains an old schoolhouse with no electricity or water, a fallen porch and smashed windows as well as two smaller buildings. Respondent’s representative supported its assessed valuation of $700 by recognizing the existence of the three abandoned buildings.
Subdivision 1 of section 556-a of the Real Property Tax Law authorizes an appropriate tax levying body to correct an error in essential fact. Reference is made to subdivision 3 of section 550 of the Real Property Tax Law which defines “[e]rror in essential fact” as:
“(a) an incorrect entry on the taxable portion of the assessment roll, or the tax roll, or both, of the assessed valuation of an improvement to real property which was destroyed or removed prior to taxable status date for such assessment roll; or
“(b) an incorrect entry on the taxable portion of the assessment roll, or the tax roll, or both, of the assessed valuation of an improvement to real property which was not in existence or which was present on a different parcel”.
“Improvement” is defined in subdivision 4 of section 550 and section 102 (subd 12, par [b]) of the Real Property Tax Law as: “Buildings and other articles and structures, substructures and superstructures erected upon, under or above the land, or affixed thereto”.
*176 In order to constitute an error in essential fact, a building or structure must have been destroyed or removed or not have been in existence as of the taxable status date. Although petitioner has clearly demonstrated that his buildings have been vandalized and are deteriorating and may even be uninhabitable, the conditions described are not the equivalent of the statutorily defined “essential facts” of destruction, removal or lack of existence. Petitioner’s contention that the structures are no longer improvements but detriments relates to their valuation and may properly be raised in a timely commenced proceeding pursuant to section 702 of the Real Property Tax Law.
The court cannot conclude that respondent’s denial of petitioner’s application was arbitrary, capricious or an abuse of discretion and therefore confirms the determination. The petition is dismissed.