■ In the Matter of STANLEY GAGNON, Appellant, v BOARD

OF EDUCATION OF THE MANHASSET UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Manhasset Union Free School District dated June 6, 1983, which abolished the petitioner's position, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Harwood, J.), dated July 27, 1984, which dismissed the petition, (2) a judgment of the same court, dated September 22, 1984, entered upon that order, and (3) an order of the same court, dated October 29, 1984, which denied his motion for reargument.

Appeal from the order dated July 27, 1984 dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Appeal from the order dated October 29, 1984 dismissed. No appeal lies from an order denying reargument.

Judgment affirmed.

The respondent is awarded one bill of costs.

Special Term properly concluded that the petitioner failed to raise an issue of fact necessitating a hearing in connection with his contention that the respondent school district was motivated by bad faith when it abolished his competitive civil service title of director of facilities and operations. Significantly, a proceeding under CPLR article 78 partakes of the character of a motion for summary judgment, in which the court must determine whether or not there is a triable issue of fact (CPLR 7804 [h]; Matter of Reisman v Codd, 54 AD2d 878; see, 6 NY Jur 2d, Article 78 and Related Proceedings, § 229, at 119). The petitioner's papers merely contend that the respondent's decision to terminate his title was made in "bad faith" because the duties he formerly performed were reassigned to existing personnel, whom the petitioner conclusorily described as "unqualified". Other than the aforesaid general contention and the conclusory allegations of bad faith contained in the petition itself, there are no specific allegations set forth tending to suggest that the respondent's decision to terminate petitioner's title was motivated by reasons other than a desire to promote institutional efficiency and economy (see, Matter of Young v Board of Educ. 35 NY2d 31, 34).

Accordingly, there being absent a triable issue of fact on the question of respondent's alleged bad faith necessitating a hearing, Special Term properly dismissed the petition (cf.

*Matter of Currier v Tompkins-Seneca-Tioga Bd. of Coop. Educ. Servs.,* 80 AD2d 979). Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.