■ In the Matter of BALDWIN COMMONS, LLC, Appellant, v BOARD OF ASSESSORS et al., Respondents. [8 NYS3d 603]—In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Department of Assessment dated May 23, 2012, rejecting the petitioner's application pursuant to Real Property Tax Law § 554 to correct the 2010/2011 and 2011/2012 tax assessment roll for certain real property, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Bruno, J.), entered June 14, 2013, which granted the respondents' motion to dismiss the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

Initially, since the dispositive facts were undisputed and the arguments of the parties were fully set forth in the record, the Supreme Court properly reached the merits of the petition

prior to the service and filing of an answer (*see Matter of S & R Dev. Estates, LLC v Feiner*, 112 AD3d 945 [2013]; *Matter of Rizvi v New York Coll. of Osteopathic Medicine of N.Y. Inst. of Tech.*, 98 AD3d 1049, 1051 [2012]; *Matter of Shellfish, Inc. v New York State Dept. of Envtl. Conservation*, 76 AD3d 975, 979 [2010]).

Additionally, the Supreme Court correctly found that the determination to reject the petitioner's application to correct the tax assessment roll (*see* RPTL 554; *Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 174-175 [2010]) had a rational basis, and was not arbitrary and capricious. The error alleged in the petitioner's application did not fall within the definition of an "error in essential fact" (RPTL 550 [3]), which may be administratively corrected pursuant to the limited correction-of-errors procedure of RPTL article 5 (*see Matter of Blanks v Dutchess County Real Prop. Tax Serv. Agency*, 111 AD3d 930 [2013]; *Matter of Rozz v Nassau County Dept. of Assessment*, 96 AD3d 952 [2012]; *Matter of Marton v Town Bd. of Town of Tuscarora*, 115 Misc 2d 174 [Sup Ct, Steuben County 1982]).

Accordingly, the Supreme Court properly granted the respondents' motion to dismiss the petition and dismissed the proceeding.

In light of our determination, we need not address the parties' remaining contentions. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.