Matter of Lucas v Board of Educ. of the E. Ramapo Cent. Sch. Dist. (2020 NY Slip Op 06791)





Matter of Lucas v Board of Educ. of the E. Ramapo Cent. Sch. Dist.


2020 NY Slip Op 06791


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2019-00897
 (Index No. 31187/18)

[*1]In the Matter of Eugene Lucas, etc., et al., appellants,
v
Board of Education of the East Ramapo Central School District, et al., respondents.


New York State United Teachers Office of General Counsel, Latham, NY (Christina M. French and Robert T. Reilly of counsel), for appellants.
Harris Beach PLLC, White Plains, NY (Douglas E. Gerhardt and Christopher Feldman of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to annul a determination of the respondent Board of Education of the East Ramapo Central School District, dated November 6, 2017, which confirmed the elimination of 20 noncompetitive bus driver positions effective August 1, 2014, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated December 14, 2018. The order and judgment, insofar as appealed from, (1) granted that branch of the respondents' motion which was to dismiss that branch of the petition which was to annul the determination and, in effect, denied that branch of the petition, and dismissed that portion of the proceeding, and (2) denied, as academic, the motion of the petitioners Aduku Addae and Derick Waugh for leave to deem their late notices of claim timely served nunc pro tunc, or for leave to serve late notices of claim.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioners, former bus drivers for the respondent East Ramapo Central School District (hereinafter the District) and the president of their union, commenced this proceeding against the respondents, Board of Education of the East Ramapo Central School District (hereinafter the Board), Deborah L. Wortham, as Superintendent of the District, and the District, to annul a determination of the Board, dated November 6, 2017, confirming the elimination of 20 noncompetitive bus driver positions effective August 1, 2014. The petition alleged that the Board's determination was arbitrary and capricious and made in bad faith. In connection with the filing of the petition, the petitioners Aduku Addae and Derick Waugh moved for leave to have their late notices of claim deemed timely served nunc pro tunc, or for leave to serve late notices of claim. Thereafter, the respondents moved to dismiss the petition. In an order and judgment dated December 14, 2018, the Supreme Court granted the respondents' motion to dismiss the petition and, in effect, denied the petition and dismissed the proceeding. The court also denied the motion to deem the late notices of claim of Addae and Waugh timely served nunc pro tunc, or for leave to serve late notices of claim as academic. The petitioners appeal from so much of the order and judgment as (1) granted that branch of the respondents' motion which was to dismiss that branch of the petition which was [*2]to annul the Board's determination and, in effect, denied that branch of the petition and dismissed that portion of the proceeding and (2) denied, as academic, the motion of Addae and Waugh for leave to deem their late notices of claim timely served nunc pro tunc, or for leave to serve late notices of claim.
As a threshold matter, although the respondents denominated their pre-answer motion as a motion pursuant to CPLR 3211 to dismiss the petition, the respondents presented arguments addressed to the merits of so much of the petition as sought to annul the Board's determination. "Where 'the dispositive facts and the positions of the parties are fully set forth in the record, thereby making it clear that no dispute as to the facts exists and [that] no prejudice will result from the failure to require an answer, the court may reach the merits of the petition'" (Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc., 129 AD3d 885, 887, quoting Matter of Kuzma v City of Buffalo, 45 AD3d 1308, 1311; see Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 AD3d 46, 59). Here, the dispositive facts were not in dispute and the arguments of the parties were fully set forth in the record. Consequently, the Supreme Court properly reached the merits of so much of the petition as sought to annul the Board's determination despite the procedural posture of the proceeding (see Matter of Kickertz v New York Univ., 25 NY3d 942, 944; Matter of Baldwin Commons, LLC v Board of Assessors, 128 AD3d 1062, 1062-1063).
Turning to the merits, "[i]n applying the 'arbitrary and capricious' standard [under CPLR 7803(3)], a court inquires whether the determination under review had a rational basis" (Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770). "Under this standard, a determination should not be disturbed unless the record shows that the agency's action was 'arbitrary, unreasonable, irrational or indicative of bad faith'" (Matter of Halperin v City of New Rochelle, 24 AD3d at 770, quoting Matter of Cowan v Kern, 41 NY2d 591, 599). "It is not the province of the courts to second-guess thoughtful agency decisionmaking" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 232; see Matter of Ignizio v City of New York, 85 AD3d 1171, 1174). Therefore, "[w]hile judicial review must be meaningful, the courts may not substitute their judgment for that of the agency for it is not their role to weigh the desirability of any action or [to] choose among alternatives" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d at 232 [internal quotation marks omitted]).
Here, contrary to the petitioners' contention, the Board's decision to decommission 20 buses and to privatize portions of its bus routes, because of budgetary issues facing the District, which resulted in its determination to eliminate 20 bus driver positions, had a rational basis and was not arbitrary and capricious (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaronek, Westchester County, 34 NY2d 222, 231; Matter of Sinacore v New York State Liq. Auth., 21 NY2d 379, 384) or made in bad faith (see Matter of Young v Board of Educ. of Cent. School Dist. No. 6, Town of Huntington, 35 NY2d 31, 34; Matter of Gagnon v Board of Educ. of Manhasset Union Free School Dist, 119 AD2d 674, 675). Thus, there is no basis to disturb the Board's determination (see generally Roberts v Health & Hosps. Corp., 87 AD3d 311, 327).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the respondents' motion which was to dismiss so much of the petition as sought to annul the Board's determination and, in effect, to deny that branch of the petition and to dismiss that portion of the proceeding. We also agree with the court's determination to deny, as academic, the motion of Addae and Waugh to deem their late notices of claim timely served nunc pro tunc, or for leave to serve late notices of claim.
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court