Matter of Bellingham Estates 26 LLC v Niblack (2023 NY Slip Op 51444(U))

[*1]

Matter of Bellingham Estates 26 LLC v Niblack

2023 NY Slip Op 51444(U)

Decided on December 28, 2023

Supreme Court, Kings County

Frias-Colón, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 28, 2023
Supreme Court, Kings County

In the Matter of the Application of Bellingham Estates 26 LLC, Petitioner, 
 For a Judgment under Article 78 of the Civil Practice Law and Rules,

against
Preston Niblack, in his capacity as the Commissioner of 
 Finance of the City of New York and City of New York, Respondents.

Index No. 506070/2023

For Plaintiff Bellingham Estates 26 LLC: Scott Goldberg of Goldberg & Bokor, LLP, 505 Chestnut St., Cedarhurst, NY 11516, 516-889-1107
For Defendants Preston Niblack & NYC: Michael Jason Wasser of New York City Law Dept., 100 Church Street, NY, NY 10007, 212-356-4060

Patria Frias-Colón, J.

Upon the foregoing cited papers and after oral argument on August 23, 2023, pursuant to CPLR Article 78, the Article 78 Petition, filed by Petitioner against all Respondents, is GRANTED. This Article 78 seeks: (1) vacatur and reversal of the November 3, 2022 final administrative decision issued by the New York City Department of Finance ("DOF") denying Petitioner's request to change the Building Class from VI (Zoned Commercial or Manhattan Residential) and Tax Class 4 (commercial) to Building Class V0 (Zoned Residential; Not Manhattan) and Tax Class 1 (residential) for the Property, as defined in the Petition, from Fiscal Year ("FY") 2017 (July 1, 2016 to June 30, 2017) to FY 2024 (July 1, 2023 to June 30, 2024); and (2) recalculation of the assessment and real estate taxes as described in the petition.
BACKGROUND
Petitioner is the owner of a vacant unimproved land parcel located at 103 Rogers Avenue in Brooklyn, a/k/a Brooklyn, Block: 1233, Lot: 8 (BBL3-1233-8) (the property). Petitioner contends that although the property is zoned primarily residential in Kings County and should have been classified pursuant to Real Property Tax Law (RPTL) § 1802 (1) (d) as Building Class [*2]V0 (Zoned Residential; Not Manhattan) and Tax Class 1, the DOF incorrectly classified the property as Building Class V1 (Zoned Commercial or Manhattan Residential) and Tax Class 4 commercial property.
In New York City, all real property is assessed annually by DOF, specifically each property is assigned a market value, tax class, building class and an assessed value and the property taxes required to be assessed are based upon these classifications. DOF then sends all property owners a "Notice of Property Value" ("NOPV"). Petitioner points to the NOPV issued by DOF for the subject property for each tax year from FY 2017 to FY 2024. Specifically, each NOPV indicates that the Tax Class is 4 and the Building Class is V1 and the property is listed as vacant land, the Primary Zoning is R6A,[FN1]
 and the property is listed as having a Commercial Overlay of C2-4. A commercial overlay is an area located in a residential zoning district that allows for a portion of the property to be used for commercial use, generally limited to one or two floors below the residential portion of the property. Petitioner argues that the fact that there is a commercial overlay confirms that the property was and still is zoned residential as the commercial overlay allows a residential property to have a portion used for commercial use.
Pursuant to RPTL § 1802 (3), "[t]he determination of inclusion within a class pursuant to this section shall be subject to administrative and judicial review as provided by law for the review of assessments." Specifically, NYC Administrative Code § 11-206 provides that
the commissioner of finance may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual records of assessed valuations, or in the assessments-rolls. If the taxes computed on such erroneous assessment have been paid, the commissioner of finance is authorized to refund or credit the difference between the taxes computed on the erroneous and corrected assessments.
To that end, 19 RCNY § 53-02 (b) (10), was promulgated and provides the Commissioner of Finance with the authority to correct any assessment or tax due to an error in description including, but not limited to, an "inaccurate building class that affected assessed value."
Accordingly, on December 6, 2021, Petitioner submitted to the DOF a "CLERICAL ERROR OR ERROR IN DESCRIPTION FORM" wherein it requested that the DOF correct the alleged errors in the building and tax classification of the subject property. In the application, petitioner, by its agent, stated that Bellingham is:
the titled owner of 103 Rogers Avenue, Brooklyn, NY aka 3-1233-8 ("Property") .The Property from FY 2017 to date was and is vacant land. Vacant land outside of Manhattan that is zoned residential must be assessed as Tax Class 1B, Building Class VO. See RPTL 1802(1)(d). The Property is zoned R6A, which is a residential zoning [*3]classification. The assessor made a clerical error in assessing the Property as Tax Class 4, Building Class V1, Zoned Commercial for the past six years .We are requesting that you correct this clerical error, reclassify the Property from FY 2017 to date as Tax Class 1B, Building Class VO, and tax the Property in accordance with RPTL 1805(1). The Commercial Overlay that exists does not affect the entitlement of the Property to be taxed as Tax Class 1B, Building Class VO since it is primarily zoned residential.
In further support of its request to DOF, Petitioner pointed to a recent case out of Richmond County Supreme Court: RSR Amboy LLC v Sherif Soliman, (Supreme Court, Richmond County, Index No. 85103/21), that involved similar facts, wherein the DOF agreed as part of a stipulation of settlement to reclassify the property.
On November 3, 2022, the DOF issued a determination denying Petitioner's application, stating that it had "reviewed the assessment of this property in response to your request considered the information that you supplied and other available information about the property [and] found that the original combination of assessment, exemption, and lot characteristics will remain unchanged for the years indicated on your filing. Specifically: We have determined that the issue in your application is not due to a clerical error or an error in description, and therefore no action has been taken."
POSITION OF THE PARTIES:
The instant Article 78 proceeding was filed where Petitioner argues that the DOF's determination was erroneous and should be vacated and reversed and that the assessment and taxes for the property should be adjusted. Petitioner asserts that the DOF's refusal to correct its erroneous tax class designation of the property is arbitrary and capricious, in violation of law, DOF's own rules and regulations and prior course of conduct. Petitioner further contends that it has been subjected to disparate treatment, when compared to identical scenarios/cases as already adjusted by DOF, as decided by the Appellate Division, Second Department, and in at least eleven different decisions of Justices of the Supreme Court. In support of this argument, Petitioner submitted copies of these laws, rules, regulations, and court decisions.
In opposition, Respondents assert that the Article 78 petition should be dismissed as to all tax years (2016/2017 through 2021/2022) because these claims can be only asserted in an [RPTL] Article 7 proceeding and cannot be brought in an Article 78 proceeding. Respondents further contend that Petitioner is precluded from seeking review for tax years 2022/2023 and 2023/2024 because all administrative remedies have not been exhausted, since there was no request for review in the application to DOF. Moreover, even if Petitioner properly brought its claims within the instant Article 78 proceeding, the subject parcel is commercially zoned and is therefore correctly classified as a Tax Class 4 property pursuant to RPTL § 1802.
Respondents argue that the Legislature intended that RPTL Article 7 be the default and near-exclusive mechanism for reviewing property tax assessments and point to RPTL § 700, which provides that "[a] proceeding to review an assessment of real property shall be brought as provided in this article unless otherwise provided by law." Finally, Respondents contend that DOF's determination denying Petitioner's application was rational and reasonable.
DISCUSSION
In an Article 78 proceeding, the court's review of an agency determination that was not made after a quasi-judicial hearing is limited to consideration of whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion. See CPLR § 7803(3); Matter of Lake v New York City [*4]Employees' Retirement Sys., 202 AD3d 682, 683 (2d Dept 2022); Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d 864, 865 (2d Dept 2021); Matter of Smolarczyk v Towns, 166 AD3d 786, 788 (2d Dept 2018); Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal, 98 AD3d 668, 670 (2d Dept 2012). Arbitrary action is without sound basis in reason and is generally taken without regard to the facts. See Matter of Pell v Board of Educ., 34 NY2d 222, 231 (1974). If a rational basis exists for its determination, the decision of the administrative body must be sustained. See Matter of Pell, 34 NY2d at 230; Matter of Clark v New York State Div. of Hous. & Community Renewal, 193 AD3d 726, 727 (2d Dept 2021); Matter of Lucas v Board of Educ. of the E. Ramapo Cent. Sch. Dist., 188 AD3d 1065, 1067 (2d Dept 2020).
Petitioner maintains that the DOF was arbitrary and capricious in failing to classify the subject property as Building Class V0 and Tax Class 1 residential property and in denying Petitioner's application pursuant to NYC Administrative Code § 11-206 and § 53 of the RCNY, et seq., based on its findings that the alleged error was not a "clerical error" or "error in description."
Administrative Code § 11-206 specifically authorizes the DOF to correct any assessment or tax which is erroneous due to a "clerical error" or to an "error of description". If the taxes computed on such erroneous assessment have been paid, the DOF is authorized to refund or credit the difference between the taxes computed on the erroneous and corrected assessments. Here, Petitioner contends that the error committed by DOF was the incorrect classification of the subject property's building class as V1 (vacant property outside of Manhattan in a commercial zone) rather than V0 (vacant property outside of Manhattan in a residential zone), which misclassification constitutes an "error in description" which is properly reviewable by the DOF under Administrative Code § 11-206. In opposition, the DOF contends that the error is beyond the narrow scope of review under Administrative Code § 11-206 and that the alleged misclassification must be addressed in a tax certiorari proceeding under Article 7 of the RPTL.
Respondents' argument that the sole mechanism for challenging an allegedly excessive or unlawful real property tax assessment is by the commencement of a tax certiorari proceeding pursuant to RPTL Article 7 is without merit. See RPTL § 706; Matter of Better World Real Estate Group v New York City Dept of Fin., 122 AD3d 27, 33 (2d Dept 2014). In this regard, RPTL § 700 specifically provides that a tax certiorari proceeding is not a taxpayer's exclusive remedy for seeking review of an excessive assessment stating that "[a] proceeding to review an assessment of real property shall be brought as provided in this article unless otherwise provided by law". RPTL § 700(1) (emphasis added); see Matter of Better World Real Estate Group, 122 AD3d at 34).
In Matter of Better World Real Estate Group, the Appellate Division, Second Department held that the errors reviewable under Administrative Code § 11-206 may include a misclassification of the building class of a property. Importantly, in 2016, following the Matter of Better World decision, the DOF promulgated rules (19 RCNY ch 53) concerning the correction under Administrative Code § 11-206 of any assessment or tax which is erroneous due to a clerical error or error in description. Specifically, 19 RCNY § 53-02(b)(10) provides that an "error in description" includes, but is not limited to, "[i]naccurate building class that affected assessed value." Thus, contrary to the DOF's argument, Petitioner's challenge to the DOF's designation of the subject property as Building Class V1 and Tax Class 4 may be brought pursuant to Administrative Code § 11-206 as errors in description include an error in building [*5]classification. See Matter of Better World Real Estate Group, 122 AD3d at 29; Matter of 9313 Rockaway Beach, LLC v Niblack, 79 Misc 3d 1211(A), 2023 NY Slip Op 50592(U), *5 (Sup Ct, Queens County 2023); Matter of MLK LY LLC v Commissioner of Fin. of the City of NY, 2022 NY Slip Op 33386(U)**5 (Sup Ct, Kings County 2022); Matter of Richmond SI Owner LLC v Soliman, 75 Misc 3d 1211(A), 2022 NY Slip Op 50462(U) (Sup Ct, Richmond County 2022). Respondents' reliance on Matter of 9 Orchard Partners, LLC v New York City Dept. of Fin., 204 AD3d 527 (1st Dept 2022) is misplaced. There, the Court specifically held that "questions of property valuation, whether they be of overvaluation or undervaluation, are under the exclusive province of article 7 of the RPTL [a]ll errors of undervaluation, or even overvaluation" are cognizable only under article 7 of the RPTL]" (citations omitted). Here, Petitioner is not challenging the valuation of the property under an otherwise correct building classification, thus is not required to bring tax certiorari proceedings under RPTL Article 7. cf. Matter of 9 Orchard Partners, LLC, 204 AD3d 527.
It is undisputed that the subject vacant property is located in a R6A (residential) zoning district in Brooklyn with a C2-4 commercial overlay. Under RPTL § 1802(1)(d), New York City properties are classified as either: Tax Class 1, which includes one-two and three-family homes as well as vacant land outside of Manhattan located in a residential zone; Tax Class 2- which encompasses residential properties not covered by Tax Class 1, (except hotels and motels and other similar commercial properties); Tax Class 3, which are utility properties and properties exempt under former § 470 of the RPTL; and Tax Class 4,which includes all other properties (id.). Since the subject vacant property is located in a residential zone outside of Manhattan, the DOF improperly classified the property as Tax Class 4 rather than Tax Class 1 in clear contravention of RPTL § 1802(1)(d). See Matter of 194 Main, Inc. v Board of Assessors, 91 AD3d 876 (2d Dept 2012); Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d 988, 990 (2d Dept 2011), lv to app dism 18 NY3d 976 (2011); Richmond SI Owner LLC, 2022 NY Slip Op 50462(U).
Therefore, the Court finds that Respondents' November 3, 2022 determination denying Petitioner's request for a correction of the subject property's building and tax classifications pursuant to Administrative Code § 11-206 was arbitrary and capricious. See 9313 Rockaway Beach, LLC, 2023 NY Slip Op 50592(U), *5; MLK LY LLC, 2022 NY Slip Op 33386(U)**5; Richmond SI Owner LLC, 2022 NY Slip Op 50462(U). Moreover, Respondents fail to articulate a rational basis for its determination.
Accordingly, the instant Article 78 petition is granted and the DOF's final determination, dated November 3, 2022, is hereby vacated. Petitioner's application for tax reassessment and reclassification is hereby granted and the subject property known as Brooklyn, Block: 1233, Lot: 8 a/k/a BBL 3-1233-8: be assessed and classified as Building Class V0 (Zoned Residential; Not Manhattan) and Tax Class 1 residential property so long as it remains vacant property. 
The DOF is directed to correct the clerical error and error of description with respect to the subject property to reflect said reassessment and reclassification for the tax years from FY 2017 (July 1, 2016 to June 30, 2017) to FY 2022 (July 1, 2021 to June 30, 2022) and to refund or credit the difference between the taxes computed on the erroneous and corrected assessments.
Finally, this Decision and Order is without prejudice to Petitioner bringing an administrative application or other action seeking any refunds or credits for overpayments which [*6]occurred in tax year 2022/2022 and 2023/2024.[FN2]

This constitutes the Decision and Order of the Court.
Dated: December 28, 2023
Brooklyn, New York
Hon. Patria Frias-Colón, J.S.C.

Footnotes

Footnote 1:R6A is a designation for a residentially zoned property. The NYC Department of City Planning defines R6A as "a contextual district where the Quality Housing bulk regulations are mandatory. These regulations produce high lot coverage, six- to eight-story apartment buildings set at or near the street line. Designed to be compatible with older buildings found in medium-density neighborhoods, R6A districts are mapped in the Bronx, Brooklyn and Queens. Parts of Kingsbridge in the Bronx and Williamsburg in Brooklyn are typical R6A areas... ") 
Zoning: Districts Guide - Residence Districts - R6 - R6A - R6B - DCP (nyc.gov)).

Footnote 2:
 The doctrine of exhaustion of administrative remedies requires that one first exhaust all available administrative channels before seeking relief in a judicial proceeding pursuant to CPLR article 78 (see e.g., Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). As a request for relief for the tax year 2022/2023 and 2023/2024 was not before the DOF when it made its final determination, this Court cannot grant relief for these years in the instant Article 78 proceeding.